[No. 4181.]

## S. B. HATCH *v.* M. J. C. GALVIN.

WAIVER BY COUNSEL.—Where the counsel for the appellant, in his brief, waives all other questions except as to the sufficiency of the complaint, an appeal from an order denying a new trial will be considered as abandoned.

JURISDICTION AND LIABILITY OF A JUSTICE OF THE PEACE.—If a justice, upon an affidavit required by the statute for that purpose, makes an order changing the place of trial of an action pending before him to another justice, the order, *ipso facto*, vests jurisdiction in the justice to whom the action is transferred, and puts an end to the jurisdiction of the

justice by whom the order was made; and if he proceeds, afterwards, to try the case and render judgment, he is liable for the damages thereby sustained.

Appeal from the District Court, Seventh Judicial District, County of Mendocino.

Action brought against the defendant to recover damages for having, as justice of the peace, rendered judgment and issued execution in an action where he had no jurisdiction. The complaint averred that, in March, 1873, the plaintiff was in possession of a blacksmith-shop, and that Howard Chadbron commenced an action against him to recover the possession of the shop and $299.99 for withholding possession thereof; and that the plaintiff demurred to the complaint, on the ground, that the justice had not jurisdiction of the subject-matter; and that the justice overruled the demurrer. Then came the allegations recited in the opinion. The complaint further averred, that after the order changing the place of trial had been made, and within two hours, the justice proceeded, without the plaintiff's knowledge or consent, to render judgment for the possession of the shop and $299.99 damages, and immediately issued a writ commanding the constable to put the plaintiff in possession of the shop, and to make the amount of the judgment out of the property of the defendant therein, and that the constable obeyed the writ by placing the plaintiff in possession, and by levying on the defendant's personal property, by which damages were sustained. On the trial the jury found a verdict for the plaintiff for the sum of $330, and judgment was rendered thereon. The defendant moved for a new trial. The testimony was embodied in a bill of exceptions. The court below denied a new trial, and the defendant appealed from the judgment and from the order denying a new trial. The appellant, in his brief, stated that "in order to spare the court the labor of looking through the record at large, we had as well state that we rely solely upon the proposition, that the complaint does not state facts sufficient to constitute a cause of action."

*W. W. Pendegast and J. B. Lamar,* for the Appellant.

*R. McGarvey,* for the Respondent.

By the COURT:

The counsel for the appellant having expressly waived all other questions in the record, except the question as to the sufficiency of the complaint, the appeal from the order denying a new trial must be considered as abandoned.

We think, that irrespective of the question argued by counsel, as to whether the " blacksmith-shop " must be considered real or personal property, it sufficiently appears by the complaint that the court held by the defendant, as a justice of the peace, had no jurisdiction to render the judgment it rendered in the case of *Chadbron* v. *Hatch.* It is alleged in the complaint, that when the demurrer to the complaint was overruled, the defendant in that action moved that the place of trial be changed to the court of some justice of the peace other than that of the defendant here, and that he supported the motion by the affidavit required by the statute for that purpose, and that, thereupon, an order was made by the defendant here, as justice of the peace, granting the motion, and changing the place of trial to the court of one Abner C. Squire, a justice of the peace for the same township.

The order thus entered, *ipso facto* vested jurisdiction in the court of the said Abner C. Squire, and necessarily put an end to the jurisdiction of the defendant over the case. Section 837 of the Code of Civil Procedure is as follows: " From the time the order changing the place of trial is made, the court to which the action is thereby transferred has the same jurisdiction over it as though it had been commenced in such court." The granting of the order, therefore, left the court held by the defendant with no other jurisdiction over the case than it would have had if the action had been originally brought in the court to which it was thereby transferred—that is to say, with absolutely no jurisdiction to try or determine it. It results from these

views that the appeal from the order denying the new trial must be dismissed and the judgment affirmed, and it is so ordered.