[No. 11740.   Department One. — December 20, 1890.]

IRA GRAY, RESPONDENT, *v.* JOHN I. SABIN, APPELLANT.

VACATION OF JUDGMENT — ABSENCE OF ATTORNEY FROM TRIAL — MISTAKE AND EXCUSABLE NEGLECT — TRIAL IN ANOTHER COUNTY — AGREEMENT FOR DISMISSAL. — A motion to set aside a judgment for the defendant, upon the alleged ground of mistake and excusable neglect of plaintiff's counsel in failing to attend the trial, should be denied, where it appears that the cause was regularly set for trial by consent of parties, and had been continued for several days for the convenience of plaintiff's counsel and for the dispatch of other business, and that the plaintiff's counsel again voluntarily absented himself, without an agreement or order for further continuance, to attend a trial in another county, and that he had promised the defendant to dismiss the case.

ID. — MOTION TO SET ASIDE ORDER — ABSENCE OF ATTORNEY AS WITNESS. — A motion of the defendant to set aside an order vacating the judgment, upon plaintiff's motion, should be granted, where it appears that the attorney for plaintiff absented himself from the trial to attend a trial in another county, not as an attorney, but solely as a voluntary witness, without subpoena.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating a judgment,

and from an order refusing to vacate the order setting aside the judgment.

The facts are stated in the opinion of the court.

*Pillsbury & Blanding*, for Appellant.

*Robert Ash*, for Respondent.

The COURT. — This cause came regularly on for trial, having been set, by consent of all parties, on November 25, 1885. Counsel for plaintiff was absent. His clerk stated that he was unavoidably detained in Los Angeles, and asked for a continuance. The defendant objected to a continuance, but as there was another cause on trial, and as the next day was Thanksgiving Day, the court put the case over until Monday, November 30th. On the latter day, and the day following, the cause was called for trial, and the defendant answered ready. On December 2d, other business having been disposed of, the court ordered the case to proceed. The clerk again appeared on behalf of the attorney for plaintiff, and stated that said attorney was in Modesto, trying a case, although he had returned from Los Angeles to San Francisco since November 25th. Defendant objecting to a continuance, the court ordered the trial to proceed, a jury was impaneled, and no evidence having been offered on behalf of the plaintiff, a verdict was rendered for the defendant.

On December 10, 1885, the plaintiff served notice of motion to vacate judgment, on the ground that it was taken against him through his mistake and excusable neglect. In support of his motion, he presented an affidavit of merits, which also alleged that he expected his attorney to be present at the trial, that he was too poor to employ other counsel to take his place, and that he believed his attorney was actually engaged in another court in the trial of a cause. His counsel made affidavit

that, although he had returned to San Francisco on November 29th, he had, several months prior, engaged to be in Modesto to attend the trial of a cause there, set for November 23d, and afterwards continued to November 30th; that he was informed on his return to San Francisco, November 30th, this cause could not be reached for several days, on account of other business before the court, and that it was a custom of this court to continue causes for the convenience of counsel engaged in other courts. Counter-affidavits were filed, on behalf of the defendant, alleging that there was no custom under which causes were continued for the convenience of counsel engaged in the courts of outside counties; that counsel for plaintiff had long before agreed to dismiss this cause. J. L. Boone, a partner of the attorney for plaintiff, who was absent in Modesto at the time of the trial, corroborated the defendant in his statement as to the promise of a dismissal.

A clerk in the office of the attorneys for defendant stated that he had informed the attorney for plaintiff as to the day of the trial, and said attorney stated that he would not be present, that he was going to Los Angeles, and asked for a continuance, which the clerk said he had no authority to grant.

The court granted the motion of the plaintiff, and set aside the judgment.

Thereafter the defendant moved the court to set aside its order vacating the judgment, on the ground that it had been deceived in matters of fact by the affidavits filed on the application to vacate the judgment, which motion was denied, and defendant has appealed.

It was made to appear — indeed, the fact was not disputed — that the attorney of the plaintiff attended a trial at Modesto, not in the capacity of an attorney, but as a witness; that he was not subpœnaed, but attended voluntarily; that he left Modesto before the trial of said cause was completed, having been permitted to give his

testimony out of the regular order, so that he might return to San Francisco.

We think that, under the showing made on the first application, the motion to set aside the judgment ought to have been denied; and certainly, on the showing made to vacate the order, the defendant was entitled to have it set aside, and to have the judgment stand on the verdict of the jury. If such excuses as were offered in this case were held sufficient to set aside judgments, there would be no end to delays and annoying expedients.

The orders appealed from are reversed.