[S. F. No. 824.   Department Two.—December 17, 1898.]

## MARGARET F. YANCEY, Respondent, v. NATIONAL BENEVOLENT ASSOCIATION, Appellant.

VACATION OF JUDGMENT—IGNORANCE OF TRIAL—DISCRETION.—The vacation of a judgment taken by the plaintiff at a trial had in the absence of the defendant, whose attorneys were ignorant that the cause had been regularly set for trial, is in the discretion of the court, and its refusal to vacate the judgment upon the prompt motion of the defendant, as soon as its rendition was discovered, is not a plain abuse of discretion.

ID.—DUTY OF ATTORNEYS—NEGLIGENCE—NOTICE OF TRIAL.—It is the duty of attorneys engaged in a cause to inform themselves whether or not it has been set for trial, and it is negligence for them not to do so. It is not the duty of the attorneys for the opposite party to give notice of the trial.

APPEAL from an order of the Superior Court of Fresno County refusing to vacate a judgment.   J. R. Webb, Judge.

The facts are stated in the opinion of the court.

George F. Getty, Haven & Haven, and F. E. Cook, for Appellant.

W. P. Thompson, for Respondent.

HENSHAW, J.—This is an appeal from the order of the superior court refusing to vacate a judgment rendered against defendant.

The grounds of the motion are that the judgment was given through the mistake and inadvertence and surprise of the defendant. The uncontradicted facts shown at the hearing were the following: The defendant is a foreign insurance company. The action was instituted by plaintiff against the defendant to recover upon one of its policies. It was commenced in the city and county of San Francisco. Defendant employed to represent it attorneys who were residents of the city and county of San Francisco. Thereafter plaintiff, by her motion, procured a change in the place of the trial of the action from the city and county of San Francisco to the county of Fresno. The cause was at issue, and upon October 2d it was, under the rules of the

court, set for trial upon October 27th following.  The rule under which the cause was set has heretofore been considered by this court.  It is as follows: "The trial calendar of either department will be called at such time as the judge of such department may appoint, and the cases thereon set for trial.  The trial calendar shall consist of those cases in which an issue of fact has been joined before the day set for the calling of the same."  Defendant's attorneys were at the time of the setting of the cause for trial in San Francisco, and had no actual notice of the fact.  Upon October 3d defendant's attorneys by mail served upon plaintiff's attorney in Fresno notice of its motion for leave to amend its answer, and for the issuance of a commission to take testimony.  Their motions were noticed for the twenty-eighth of October, the day following the date set for the trial of the action.  At the same time they communicated with plaintiff's attorney by mail, writing to him that they had noticed their motions for the twenty-eighth of October, and concluding: "We should also be pleased at that time to agree with you upon a date for the trial of the case, provided the date can be set far enough off to allow us to have the depositions taken, and to arrange with Mr. Getty for his presence."  To this plaintiff's attorney made reply upon October 10th, acknowledging the receipt of the letter, refusing his consent "at this time" to the filing of the amendments, or to the taking of the proposed deposition, and concluding: "As the case has been ready for trial several months, I must refuse to consent to continue the trial thereof until you can take or attempt to take any depositions."  Upon the twenty-seventh of October, 1896, the day set for trial, one of defendant's attorneys was in the city of Fresno.  He called at the office of plaintiff's attorney five times upon that day, and looked for him in other places, but was unable either to find him or to learn his whereabouts.  The following day, upon going to attend the court at the hearing of his motions, he learned for the first time that the cause had been set for trial upon the day preceding, had been actually tried in his absence, and a judgment in favor of plaintiff rendered.  His motion to vacate the judgment followed promptly, but was denied.

The sole question here presented is, whether or not the court abused its discretion in refusing to vacate the judgment upon

this showing. That the case is one of much hardship to the defendant there can be no doubt. There can be as little doubt but that, if plaintiff's attorney had held in any regard the amenities of the profession, he would not have permitted defendant's attorneys to remain in ignorance, when knowledge of that ignorance was so plainly brought home to him by their letter. But at the same time it cannot be said that there was any legal duty imposed upon plaintiff's attorney to notify defendant's attorneys of the fact that the case had been set for trial, and, this being so, he is in no way legally responsible for defendant's counsel's ignorance of the fact. Indeed, there was no legal duty cast upon anybody to notify defendant's attorneys of the fact. It was their duty to inform themselves of it, and it was their neglect that they did not do so. (*Eltzroth v. Ryan*, 91 Cal. 584; *Dusey v. Prudom*, 95 Cal. 646.) In the latter case the appeal was also from a decision of the superior court of Fresno county, and the case had been set under the identical rule above quoted. In the present instance, the defendant's attorneys took no means to learn whether or not the case had been set for trial, but assumed, either that it had not been set, or that it would not be tried until after the date fixed for the hearing of their motions. But neither of these assumptions affords such an excuse for the neglect that we can say that the trial court abused its discretion in refusing to vacate the judgment. The case is one of admitted hardship, but where, as here, discretionary power is vested in the trial court, the exercise of that power may not be reversed except for plan abuse.

The judgment appealed from is, therefore, affirmed.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.