[Civ. No. 2178. Third Appellate District.—April 5, 1920.]

MARY LOUISE SEARCY, Petitioner, v. FRED M. KAY, County Clerk, etc., Respondent.

[1] PLACE OF TRIAL—ORDER CHANGING—DUTY OF CLERK TO TRANSMIT PAPERS—EFFECT OF APPEAL.—Under section 399 of the Code of Civil Procedure, it is the duty of the clerk of the court, upon the entry of an order changing the place of trial to another county, to immediately transmit the papers to the clerk of the court to which the action was transferred; and, under section 949 of the Code of Civil Procedure, the proceedings upon such an order are not stayed by an appeal therefrom.

PROCEEDING in Mandamus to compel a county clerk to transmit the papers in an action to the clerk of the court to which the action was ordered transferred. Peremptory writ issued.

The facts are stated in the opinion of the court.

E. L. Webber for Petitioner.

Henry L. Ford for Respondent.

PREWETT, P. J., *pro tem.*—This is an application for a writ of mandate directing the defendant, as said clerk, to transmit to the clerk of the superior court of the city and county of San Francisco the files in an action for divorce commenced by plaintiff against one C. L. Searcy, the material events of which occurred in the following order:

1. September 19, 1919, action commenced in the superior court of said city and county.

2. October 10, 1919, place of trial changed to the superior court of the county of Humboldt on motion of the defendant.

3. After answer and on January 9, 1920, the place of trial was changed back to the superior court of said city and county in order to promote the convenience of witnesses.

4. On the same day the defendant perfected an appeal to the supreme court from the order changing the place of trial to the city and county of San Francisco.

5. On February 11, 1920, on due notice and affidavit, said superior court of the county of Humboldt made its order allowing to plaintiff certain sums by way of alimony and counsel fees.

6. On March 16, 1920, this proceeding was commenced.

7. Subsequent to the commencement of this proceeding the plaintiff procured the issue of process to compel the defendant, Searcy, to comply with said order for the payment of alimony and counsel fees.

The defendant, Kay, refuses to transmit the papers in conformity with said order changing the place of trial. The petition herein contains an allegation that he bases his refusal upon the ground that the appeal from the order changing the place of trial stays all proceedings upon such order. However, in his answer, he expressly disclaims this as a reason. That the appeal does not stay proceedings is placed beyond all question by the language of the code itself. (Code Civ. Proc., sec. 949.)

The defendant pleads in his answer that it became necessary to retain the papers in order to make out and certify the usual copies to be used on appeal. But if this point ever had any force it has long since ceased to constitute a justification. This proceeding was not commenced until more than two months after the appeal was taken.

Secondly. The clerk insists that the inauguration of the subsequent proceedings with reference to alimony and counsel fees makes it necessary that he retain the papers for use in the determination thereof.

[1] It becomes unnecessary in this proceeding to inquire whether the lower court has jurisdiction to entertain a motion for alimony and counsel fees pending an appeal from an order changing the place of trial because this

application must be decided adversely to the defendant for other reasons. Section 399 of the Code of Civil Procedure requires a clerk, when an order is made transferring the cause to another court, to transmit the pleadings and papers therein to the clerk of the court to which the action is transferred. Commenting upon this section, the court in *Chase* v. *Superior Court,* 154 Cal. 789, [99 Pac. 355], says: "The question in the case is as to when the action was transferred, or, in other words, was the transfer in fact completed by the order made by the court? The code provides that the court to which the action is transferred 'has and exercises over the same the like jurisdiction as if it had been originally commenced therein.' We are of the opinion that the action was transferred to Santa Clara County when the order was finally made and entered in the superior court of the city and county of San Francisco. There must be a moment of time when the court transferring the case loses jurisdiction and the court to which it is transferred acquires jurisdiction. When the court to which the action is transferred acquires jurisdiction the court which made the order transferring it has no power to make any further order in the premises."

Proceedings upon the order changing the place of trial are not stayed by the appeal. The duty devolved upon the clerk, at once upon the entry of the order, to transmit the papers to the clerk of the superior court to which the action was transferred.

The act of the defendant in appealing from the order changing the venue could not operate to deprive the plaintiff of the benefit of the order of change. No more does the act of the plaintiff in moving for additional alimony and counsel fees. Conceding that the superior court of Humboldt County retained any power or authority in the premises after the entry of its order changing the place of trial, still there can be no question that the superior court of the city and county of San Francisco acquired jurisdiction at once by means of the order of transfer and its clerk became the only person lawfully entitled to the custody of the papers. If the plaintiff had requested the clerk to retain the papers in his office, she would not be permitted to come into court and insist upon a writ against him.

On the contrary, however, she does not ask him to retain them, but she insists that her lawful right to proceed under the order of transfer be conserved by the transfer of the papers to the proper court.

Let a peremptory writ issue requiring the clerk to transmit the papers to the clerk of the superior court of the city and county of San Francisco.

Hart, J., and Burnett, J., concurred.