[Civ. No. 8262. Second Appellate District, Division Two.—April 12, 1932.]

ARTHUR FOOTE, Petitioner, v. THE SUPERIOR COURT OF SANTA BARBARA COUNTY, Respondent.

Frederick H. Brock for Petitioner.

Fred A. Shaefer for Respondent.

CRAIG, Acting P. J.—The petitioner, defendant in an action commenced in the Superior Court within and for the County of Santa Barbara, which prayed judgment for money in a sum approximating $500, moved and was granted therein a change of venue to the Superior Court of the County of Los Angeles. Thereafter, on motion of the plaintiff, the following order was entered: "It appearing to the court that the county clerk of Santa Barbara transmitted papers to the wrong court, it is ordered that the county clerk of this county return the papers to the county clerk of Santa Barbara county." By the instant proceeding it is sought to restrain all proceedings in said action in the county last mentioned.

By section 398 of the Code of Civil Procedure it is provided that an action pending in a superior court may for proper cause be transferred "to another superior court, or to a municipal court if the action be cognizable therein". That a valid order of transfer is final and deprives the original court of jurisdiction of the cause has been decided. (*Chase* v. *Superior Court,* 154 Cal. 789 [99 Pac. 255].) But where, as here, the original court exceeds its jurisdiction in transferring a cause to a tribunal which must decline to entertain it, the general rule requires that the case be remanded for proper disposition at its source. (*State ex rel. Winchel* v. *Circuit Court,* 116 Wis. 253 [93 N. W. 16]; *Hurley* v. *Bevens,* 57 Ark. 547 [22 S. W. 172]; *Salomon* v. *Chicago T. & T. Co.,* 115 Ill. App. 194; *Mudge* v. *Hull,* 56 Kan. 314 [43 Pac. 242]; *State ex rel. Williams* v. *Gray,* 109 La. 127 [33 South. 108]; *Seth* v. *Chamberlaine,* 41 Md. 186; *Simpkins* v. *Parsons,* 50 Okl. 786 [151 Pac. 588]; *Bowles* v. *State,* 5 Sneed (Tenn.), 360; *Servatius* v. *Pickel,* 30 Wis. 507.)

The application for a writ of prohibition is denied.

Thompson (Ira F.), J., and Fricke, J., *pro tem.,* concurred.