[Civ. No. 12012. Second Appellate District, Division One.—July 8, 1940.]

CHARLES O. BOUVETT, as Administrator, etc., Respondent, v. ADAM LAYER, Appellant.

H. L. Duckett, Jr., for Appellant.

Stanley A. Phipps and Elmer H. V. Hoffman for Respondent.

YORK, P. J.—On September 17, 1935, action was instituted by respondent, as administrator of the estate of Mary Belle Bouvett, also known as Mary Belle Phelps, deceased, to collect four promissory notes executed at various times theretofore by appellant in favor of said deceased. On November 13, 1935, judgment by default for the sum of $8,120.43, together with attorneys' fees, interest and costs of suit, was entered against appellant.

On or about June 8, 1937, appellant filed and served his notice of motion to vacate the default judgment of November 13, 1935, on the ground that it was "void on its face for the reason that the complaint upon which the same was rendered did not state facts sufficient to constitute a cause of action, or confer jurisdiction upon the court to render said or any judgment in this action".

On June 15, 1937, said motion was granted after a hearing in department 35 of the Superior Court of Los Angeles County at which no appearance was made on behalf of said respondent.

Thereafter, to wit, on June 18, 1937, respondent administrator served notice of motion to vacate said order of June 15th setting aside the default judgment, on the grounds of surprise, inadvertence and excusable neglect under section 473 of the Code of Civil Procedure. This motion was granted on June 21, 1937, at which time the said court "without any

further notice or proceedings . . . proceeded to and did deny the original motion of defendant, heard and granted on the 15th day of June, 1937, to vacate said (default) judgment''.

This appeal is prosecuted from the order of June 21, 1937, granting the motion of respondent to vacate the order of June 15th setting aside the default judgment; and also from the order of June 21st, denying appellant's motion to set aside the default judgment, which had originally been heard and granted on June 15th.

Appellant urges (1) that the trial court ''was guilty of an absolute abuse of discretion in granting the motion setting aside the order vacating the default judgment in this case, as there was absolutely no showing made of any legal inadvertence or excusable neglect upon which to base'' such order; ''the only showing being made was of bare negligence on the part of respondent's attorney in not being present at the June 15, 1937, hearing''; (2) that the complaint in the original action did not state a cause of action or confer jurisdiction upon the court, therefore, the default judgment was void on its face.

It appears from the affidavit of respondent's counsel made in support of the motion which was heard and granted on June 21, 1937, that the notice of motion to vacate the default judgment specified the date of said hearing as June 15, 1937, in department 17 of the superior court; that said hearing was actually held on said day in department 35; that counsel for respondent failed to make an appearance for the reason that in reading the notice served upon him by appellant's attorney, he mistook the number of the department for the date of the hearing and noted ''June 17th at 9:30 a. m.'' on his daily calendar; that said mistake was discovered by him on June 16th at which time he asked appellant's counsel to stipulate to set aside the order vacating the default judgment so that it might be argued; that appellant's counsel refused to so stipulate, and that respondent's counsel thereupon made his motion to vacate the order of June 15th which was heard and granted on June 21, 1937, after argument and citations of authorities were made and presented by both attorneys.

Appellant's motion heard and granted on June 15, 1937, to vacate the default judgment of November 13, 1935, was made on the ground that said default judgment was void

for the reason that the complaint on which it was based did not state facts sufficient to constitute a cause of action in that it did not contain allegations showing how, when and by what court respondent was appointed administrator of said estate; that it did not show that Belle Phelps had died; when or where such death occurred, and if dead, whether or not said deceased died intestate. Further, that there was no showing that the notes sued upon ever became assets of said alleged estate and that the allegation "defendants made, executed and delivered to the plaintiff's decedent their promissory notes" is an insufficient allegation of the delivery required by section 573 of the Probate Code, before respondent as administrator could maintain the action.

Turning to the complaint herein, it is alleged therein as follows:

"II.   That on or about the 12th day of June, 1933, Charles O. Bouvett was duly appointed administrator of the estate of Mary Belle Bouvett, sometimes known as Mary Belle Phelps and also as Belle Phelps, deceased; and that on or about said date letters of administration were duly issued out of the honorable above entitled court appointing the said Charles O. Bouvett administrator of said estate and that such letters have not been revoked. . . .

"IV.   That on or about the 30th day of April, 1934, an order was made and entered in the matter of the estate of Mary Belle Bouvett, Los Angeles Superior Court No. 415386 which, among other things, authorized plaintiff as said administrator to enter into an agreement with the said Adam Layer extending the time of payment of said promissory note (referring to note for $1,000 dated May 28, 1927, in favor of decedent) for a period of approximately one year.

"V.   That in accordance with the order of the above entitled court heretofore mentioned, and on or about the 30th day of April, 1934, and for a valuable consideration, the plaintiff and the defendants made, executed and entered into a certain agreement in writing wherein and whereby, among other things, it was provided that the maturity date of said promissory note should be extended to the 30th day of April, 1935, and that all other terms and conditions and obligations of said promissory note should remain as before."

Similar allegations were pleaded in each cause of action based upon the four promissory notes sued upon.

While the complaint may not be a model pleading, as is conceded by respondent, the allegations contained therein are sufficient to state a cause of action against appellant, and to confer jurisdiction upon the trial court. The objection made by appellant that the complaint was defective because it failed to allege the representative capacity of respondent does not impress this court, for the reason that it appears from the complaint that appellant sought and obtained with the sanction of the probate court extensions of the very notes here sued upon. Moreover, appellant waited almost two years before he made his motion to vacate the default judgment upon the ground that it was void on its face for lack of jurisdiction. If appellant believed such error existed, it could have been corrected upon appeal from the judgment, or upon a proper showing by motion, if made within the time limited by section 473 of the Code of Civil Procedure, but it is now too late to do so by motion. (*Blonddeau* v. *Snyder,* 95 Cal. 521, 523 [31 Pac. 591] ; *Christerson* v. *French,* 180 Cal. 523, 525 [182 Pac. 27].)

It therefore appears that the motion of appellant which was granted on June 15, 1937, was entirely lacking in merit, and that the court did not abuse its discretion when it vacated the order entered pursuant thereto at the instance of respondent's motion which was granted on June 21st.

Respondent's motion of June 18th, which was granted on June 21st, was made pursuant to the provisions of section 473 of the Code of Civil Procedure on the grounds of inadvertence and excusable neglect. It was directed against an order made three days before, to wit, on June 15th, and owing to the fact that respondent's counsel through mistake entered on his daily calendar the wrong date of the hearing on the motion to vacate the default judgment. Respondent's counsel read the notice of motion but confused the date and trial department therein specified; he was actually guilty of no neglect, but of a mistake which inadvertently caused him to enter the department number for the date, and thus he did not appear at the hearing of appellant's motion on June 15th.

In the circumstances, there was no abuse of discretion on the part of the trial court in granting the motion of respondent vacating the order setting aside the default judgment, and in denying the motion of appellant to set aside the de-

fault judgment which had originally been heard and granted on June 15th.

The orders appealed from are, and each of them is, affirmed.

Doran, J., and White, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 1, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 4, 1940.