[Civ. No. 7661. Third Dist. Apr. 15, 1949.]

REFRIGERATION DISCOUNT CORPORATION (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF TEHAMA COUNTY, Respondent.

Oswald G. Ingold and Henry Poppic for Petitioners.

Edward M. Moore for Respondent.

THOMPSON, J.—This is a petition for a writ of prohibition to restrain the Superior Court of Tehama County from proceeding to try a cause after having formally made and entered its order granting a motion for change of venue, and thereby transferring the cause to Los Angeles County.

No answer to the petition in this proceeding was filed. The complaint in the original action which was filed in Tehama County is not before this court. However, it does appear from the petition that an action was filed in Tehama County, entitled ''Chauncey T. Burgess, as Trustee for Jack Kerr, under assignment for the benefit of creditors, Plaintiff, v. Re-

frigeration Discount Corporation, a corporation, and T. B. McQuade, Defendants,'' to which complaint the defendants filed a demurrer. At the same time, this petitioner moved the court for a change of the place of trial, under sections 396 and 397 of the Code of Civil Procedure, to the county of Los Angeles, which is the residence and principal place of business of the defendant corporation. The motion was duly presented upon written notice and demand, together with an affidavit of merits as required by law. An opposition to the motion was filed by plaintiff. The motion was heard upon affidavits. Petitioner's affidavit avers facts showing that it is a foreign corporation with its residence and place of business at Los Angeles as the proper place of trial, and that the other defendant, T. B. McQuaid [named in the suit as T. B. McQuade] is a resident of Alameda County. Plaintiff's affidavit in opposition to the motion avers that the obligations upon which the complaint was based ''are due and payable in the County of Tehama.'' After hearing and arguments by respective counsel, the court made and entered a minute order on January 6, 1949, granting the motion to transfer the cause to Los Angeles County. Subsequently, upon notice to the corporation, on motion of the plaintiff to reconsider and vacate the order transferring the case for trial to Los Angeles, the court, over written opposition and protest of this petitioner on the ground that the Tehama court had lost jurisdiction of the cause, made an order vacating the order for a change of place of trial on the ground that it ''is void upon its face,'' and thereupon denied the motion for change of venue. The order is not void upon its face, or at all. This petition for a writ of prohibition was filed in the Supreme Court on February 2, 1949, and transferred to this court on February 10th.

We are convinced the Tehama court was without jurisdiction to reconsider or to set aside the former order which it had formally made and entered granting petitioner's motion for change of venue, which thereby instantly transferred the cause for trial to Los Angeles. That former order was not void on the face of the proceedings. When the motion for reconsideration was presented the cause was pending in Los Angeles County Superior Court, and the Tehama court lacked jurisdiction to revoke the order. The California authorities are uniform to the effect that when a trial court in which a cause of action is originally filed has jurisdiction to pass upon a motion for change of venue, makes and enters its order granting the motion and transferring the cause to

another proper county for trial, the latter court immediately acquires sole jurisdiction, and the court which grants the motion "has no power to make any further order in the premises." (*Chase* v. *Superior Court,* 154 Cal. 789, 792 [99 P. 355] ; *Searcy* v. *Superior Court,* 47 Cal.App. 124 [190 P. 202] ; *Searcy* v. *Kay,* 46 Cal.App. 792 [190 P. 49] ; *Foote* v. *Superior Court,* 122 Cal.App. 519 [10 P.2d 539] ; 25 Cal.Jur. § 45, p. 913.)

In the Chase case, *supra,* the Supreme Court said:

". . . We are of the opinion that the action was transferred to Santa Clara County when the order was finally made and entered in the superior court of the city and county of San Francisco. There must be a moment of time when the court transferring the case loses jurisdiction, and the court to which it is transferred acquires jurisdiction. When the court to which the action is transferred acquires jurisdiction, the court which made the order transferring it has no power to make any further order in the premises."

Likewise, in the case of *Searcy* v. *Superior Court, supra,* the court said:

"When the court made its order transferring the cause to the superior court of the city and county of San Francisco it thereby lost, for all purposes, all jurisdiction of the action. [Citing cases.]"

There are cases which hold that, within proper limitations, a court has power to amend or revoke an order for change of venue *within the term during which it was granted.* (59 A.L.R. 362.) But those cases have no application to the present statutes of California, for the reason that the *terms* of trial courts no longer exist in this state. They have been abolished. (*Brackett* v. *Banegas,* 99 Cal. 623, 627 [34 P. 344] ; 7 Cal.Jur. § 23, p. 607.)

The case of *Foote* v. *Superior Court, supra,* upon which the respondent in this case relies, is not in point. That case merely held that because the trial court inadvertently transferred the case "to the wrong court," which could not possibly acquire jurisdiction, the court which made that order *exceeded its jurisdiction,* and the court to which it was wrongfully transferred "must decline to entertain it." In the present case no such erroneous transfer was made. The cause was transferred to Los Angeles, which is the residence and principal place of business of the foreign corporation. That was a proper court to which the cause was authorized, by section

395 of the Code of Civil Procedure, to be transferred for trial. That section provides in part:

". . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, *or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation,* . . . ." (Italics added.)

That section is in exact accord with article XII, section 16, of the California Constitution in that regard. It provides that:

"A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

We conclude that the Tehama court erred in vacating the order granting the change of venue to Los Angeles County. It was without jurisdiction to set aside the former order for a change of venue. The cause was immediately transferred to the Superior Court of Los Angeles County, where it is now pending. The Tehama court is therefore without jurisdiction to pass upon the pending demurrer, or to try the cause.

The writ of prohibition is granted, as prayed for.

Adams, P. J., and Peek, J., concurred.