[S. F. No. 19042.   In Bank.   Feb. 11, 1955.]

ELEANOR BADELLA et al., Respondents, v. RICHARD MILLER et al., Appellants.

Cooley, Crowley & Gaither, Cooley, Crowley, Gaither, God-ward, Castro & Huddleson and Frank D. Tatum, Jr., for Appellants.

Fitz-Gerald Ames, Sr., and Allen Spivock for Respondents.

CARTER, J.—By unverified complaint plaintiffs commenced an action in San Francisco for the alleged wrongful death of Philip Badella, the husband and father of plaintiffs. Named as defendants are Mr. and Mrs. Miller, Earl George and four other defendants. It is alleged the Millers were the owners and operators of riding stables in Sonoma County and were owners or part owners or in charge of a horse named "Saltie"; that the Millers leased a portion of the stables to defendant George including a stall in which Saltie was stabled, and he, the Millers and the other four defendants jointly possessed and controlled the horse; that George resides in San Francisco; that on August 19, 1950, the horse was negligently left unattended at the stables and by reason of his known dangerous character, attacked Philip Badella, deceased, causing injuries to him which resulted in his death on February 1, 1951.

Defendant George answered raising general issues and pleaded contributory negligence; the other defendants demurred. All the defendants, except George, noticed a motion for a change of venue to Sonoma County, on the grounds that they were residents of that county and George was named defendant solely for the purpose of having the action tried in San Francisco under section 395 of the Code of Civil Procedure.* ██ Under that section the action is properly triable in San Francisco if any of the defendants reside there unless such resident defendant was made a party solely for the purpose of having the action tried there.

---

*"If the action be for injury to person, . . . or for death from wrongful act, or negligence, either the county where the injury occurs, or where the injury causing death occurs, or the county in which the defendants, or some of them, reside at the commencement of the action, shall be a proper county for the trial of the action. . . . If any person is improperly joined as a defendant or has been made a defendant solely for the purpose of having the action tried in the county, . . . where he resides, his residence must not be considered in determining the proper place for the trial of the action." (Code Civ. Proc., § 395.)

It appears without question that all the defendants, except George, are residents of Sonoma County and that George resides in San Francisco. The injury occurred in Sonoma County.

The affidavits supporting the motion aver that George was joined solely to keep the case in San Francisco, asserting that before his death Badella commenced an action for his injuries in San Francisco and it was moved to Sonoma, no resident (George) being named defendant. After his death an action for wrongful death was commenced in San Francisco naming some Does as defendants residing in San Francisco. A motion was made to transfer that action and while it was pending plaintiffs dismissed it. Plaintiffs' counsel expressed "strong desire" to keep the trial in San Francisco and said he would file a new action so drawn that it could be kept there. The affidavits of defendants, other than George, stated their Sonoma County residence and that no relation of master and servant or principal and agent existed between the other defendants and them and that George had no control, possession of or connection with the horse. George stated in his affidavit that neither he nor any of his employees had any connection with the horse.

The motion was noticed for September 5, 1951, and due service was made on plaintiffs' attorneys. On that date the motion came on for hearing. Plaintiffs did not appear at the hearing nor file affidavits. The judge, on that date, made and signed a formal written order granting the motion and ordering the action transferred to Sonoma County on the ground that under defendants' affidavits George was named defendant solely for the purpose of having the action tried in San Francisco. On the same date, according to the clerk's minute book, a "Minute Order" was made as follows: "In this action, counsel for defendants present, the court ordered motion for change of venue granted.

"In this action, the court on its own motion, ordered order heretofore made granting motion for change of venue, be set aside." In explanation of the last sentence of the minute order, the following appears: The judge stated in a letter dated September 5, 1951, addressed to defendants' attorneys (copies sent to plaintiffs' counsel) which may be considered a memorandum opinion, that after defendants' counsel had left the court after the hearing on the motion and apparently after the filing of the formal order, plaintiffs' counsel appeared about two hours late and explained his

failure to appear before, stating he had previously advised the judge's secretary that he would be late. The secretary so informed a deputy clerk but the latter did not advise the judge. He was satisfied that counsel's excuse was valid and while he might move to set aside the "order of the court" (presumably the formal order), it would not be necessary and the court has on its own motion set aside the order and the matter would be heard on September 12, 1951.* No notice of the proposed vacation of the formal order was given to defendants.

Thereafter the motion for change of venue was again heard. Plaintiffs submitted affidavits and the court denied the motion by minute order on October 25, 1951.

Defendants appeal from the order of denial. They contend that the formal order transferring the case to Sonoma County was not properly set aside, and that in any event they were entitled on the merits to a change of venue because George was made a defendant solely to have the trial in San Francisco.

In regard to the propriety of the order vacating the formal order of September 5, it should be preliminarily observed that plaintiffs assert that the formal order was not entered by the clerk until at the same time the order vacating it was made (the minute order heretofore quoted); that a judgment is not effective until entered and the order was nullified by the same minute order by which it was made and entered. The formal order was signed and filed by the court and it appears from the letter (opinion) by the judge that he had considered it made when he ordered it vacated on the basis of the excuse for the failure of plaintiffs' counsel to appear at the hearing. In *Maxwell* v. *Perkins,* 116 Cal. App.2d 752 [255 P.2d 10], it was pointed out that an order granting a motion for change of venue need not have findings and that a signed and filed order by the judge need not be entered to be effective, stating (at page 755): "Section 1003 of the Code of Civil Procedure states that 'every direction of a court . . . made or entered in writing, and not included in a judgment, is denominated an order.' As was stated in *Von Schmidt* v. *Widber,* 99 Cal. 511, 514 [34 P. 109]: 'nor is there any provision of law which requires

---

*Defendants claim that the opinion has no place in the record. It is proper for it to be in the record although it cannot control over the court's orders or judgments. (Rules on Appeal, rule 5, subds. (a) and (b); 4 Cal.Jur.2d, Appeal and Error, § 307.)

all the orders of a court to be entered at length in its minutes, in order that they may be effective, and by section 1003 of the Code of Civil Procedure, every direction of a court or judge is an order, whether it be merely made in writing or entered in the minutes. If it is not entered it should, however, be filed, in order that it may form a part of the records in the case.' Unless otherwise required by statute, an order becomes legally effective at the time it is signed and filed, regardless of whether it is entered in the minutes by the clerk. . . .

''Nothing further was needed to give vitality to the order. . . . The entry of such order in the clerk's minutes served merely to fix the running of time for appeal. . . . The judge's assertion that it was his intention that his 'effective ruling' be set forth in a minute order to be prepared and entered in the minutes by the clerk cannot detract from the fact that the ruling which he had already signed and filed was itself his final judicial determination on the merits of the motion for change of venue.'' The formal order was, therefore, an effective final order, granting the motion to change venue and transferring the action. The order vacating it was a separate and subsequent order.

It has been held that when a court makes an unconditional order transferring a case pursuant to motion to change venue, it loses jurisdiction to vacate the order as jurisdiction has passed to the court to which the action is ordered transferred. (*Chase* v. *Superior Court,* 154 Cal. 789 [99 .P. 355], where the trial court vacated the order for failure of defendant to pay fees in the county to which the action was transferred as then required by the statute; now plaintiff 'must pay them; Code Civ. Proc., § 399; *Refrigeration Discount Corp.* v. *Superior Court,* 91 Cal.App.2d 295 [204 P.2d 932].) And it has been stated generally that once the order for transfer has been made, the court from which it is transferred has no further jurisdiction to make any further order or take any further steps in the action. (*Searcy* v. *Superior Court,* 47 Cal.App. 124 [190 P. 202], trial court awarded alimony after order of transfer; *Hatch* v. *Galvin,* 50 Cal. 441, court proceeded to trial; *Searcy* v. *Kay,* 46 Cal.App. 792 [190 P. 49]; *Foote* v. *Superior Court,* 122 Cal.App. 519 [10 P.2d 539]; see *Rilcoff* v. *Superior Court,* 50 Cal.App.2d 503 [123 P.2d 540].) Those cases proceed on the theory that an order transferring the action is final as it is appealable (Code Civ. Proc., § 963, subd. 2) and the provision that

the court to which an action is transferred shall exercise jurisdiction over the action the same as if it had been commenced there. (Code Civ. Proc., § 399.) ■ On the other hand, Baker v. Fireman's Fund Ins. Co., 73 Cal. 182 [14 P. 686], holds that after the court has made an order transferring an action it may vacate it on the ground it was inadvertently made, relying upon Wiggin v. Superior Court, 68 Cal. 398 [9 P. 646], which held that a court had inherent power to vacate an order (it was not a venue order) inadvertently made. The court in Christin v. Superior Court, 9 Cal.2d 526, 531 [71 P.2d 205, 112 A.L.R. 1153], in passing, states that a motion could be made in the transferring court to vacate the order of transfer. It does not appear that the finality and appealability of an order changing venue, nor the provision that the court to which the transfer is made should thereafter exercise jurisdiction (Code Civ. Proc., § 399), should preclude the court making the order from considering a motion to vacate such order made according to some recognized procedure and on some recognized ground. That court ordinarily is in a better position to pass upon such a motion and should have an opportunity to correct its errors. We believe, therefore, that Baker v. Fireman's Fund Ins. Co., supra, 73 Cal. 182, is controlling here. The other cases, except possibly Refrigeration Discount Corp. v. Superior Court, supra, 91 Cal.App.2d 295, do not involve that precise question; the Refrigeration case insofar as it does is disapproved. ·

There still remains, however, the question of whether the order vacating the order granting the motion to change venue was effectual inasmuch as no notice was given that it was to be made or hearing had upon it. ■ We believe that the orderly procedure was to move to set aside the order granting the motion to change venue under section 473 of the Code of Civil Procedure[1] and notice thereof was required.[2] It was a proper case for application for relief under that section. (See McGuire v. Drew, 83 Cal. 225 [23 P. 312]; Bouvett v. Layer, 40 Cal.App.2d 43 [104 P.2d 115]; Gray v. Sabin, 87 Cal. 211 [25 P. 422]; Yancey v. National Ben. Assn., 122 Cal. 676 [55 P. 604]; Startzman v. Los Banos Cot-

[1]The court may relieve a party from an order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.

[2]Notice must be given of a motion under section 473. (McDonald v. Severy, 6 Cal.2d 629 [59 P.2d 98]; Linstead v. Superior Court, 17 Cal. App.2d 9 [61 P.2d 355].)

*ton Gins,* 82 Cal.App. 624 [256 P. 220] ; *Bixby* v. *Hotchkis,* 72 Cal.App.2d 368 [164 P.2d 808].) The order changing venue was taken against plaintiffs in absence of counsel and on failure to file counteraffidavits, that is, in effect, by default and hence presented the question of whether they should have relief under that section.

On the question of notice it has been said generally ". . . that the [trial] court has inherent power either on its own motion, or on ex parte application, or on notice, to set aside an order or judgment taken through its own inadvertence or mistake; that a prematurely entered order is such an inadvertence, and that application pursuant to section 473 of the Code of Civil Procedure is not necessary." (*Estate of Costa,* 37 Cal.2d 154, 157 [231 P.2d 17].) Some of the cases cited for that proposition (*Key System Transit Lines* v. *Superior Court,* 36 Cal.2d 184 [222 P.2d 867] ; *Holtum* v. *Grief,* 144 Cal. 521 [78 P. 11] ; *Phillips* v. *Trusheim,* 25 Cal.2d 913 [156 P.2d 25] ; *Raines* v. *Damon,* 89 Cal.App.2d 812 [201 P.2d 886]) hold only that the court has inherent *power,* that is, power in addition to that granted by statute, to vacate an order made as a result of its inadvertence. Nothing is said about whether notice and hearing are necessary for the exercise of such inherent power. In the other cases (*Robson* v. *Superior Court,* 171 Cal. 588 [154 P. 8] ; *Whitney* v. *Superior Court,* 147 Cal. 536 [82 P. 37] ; *Harris* v. *Minnesota Inv. Co.,* 89 Cal.App. 396 [265 P. 306] ; *People* v. *Curtis,* 113 Cal. 68 [45 P. 180]) it was held that the court could on its own motion, thus without notice, vacate its order made by reason of its inadvertence. It does not appear whether the court was speaking of a clerical error by the court or inadvertence in exercising its judicial power. In all of them, except possibly the Robson case, it seems that the inadvertence appeared on the face of the record, was within the judge's own knowledge, or the facts were undisputed. In the Robson case it was pointed out that the party as to whom the new trial was denied, which denial was later set aside, had not acted inadvertently or done or failed to do anything he should have done. In *Estate of Costa, supra,* 37 Cal.2d 154, the hearing, resulting in the order which was set aside, was had at 10 a. m. instead of 2 p. m., the time stated for the hearing in the register of actions. And in *Key System Transit Lines* v. *Superior Court, supra,* 36 Cal.2d 184, 188, the court pointed out that "Here the later order was in effect based on the inadvertence and mistake of the court in overlooking matters

of record and facts within the court's judicial knowledge. On its face the record does not disclose invalidity for lack of jurisdiction. The order was within the court's general jurisdiction. It was made in the exercise of its inherent power under that jurisdiction. Factual sufficiency to support the exercise of the power is not controverted by the record.'' In *Estate of Hultin,* 29 Cal.2d 825 [178 P.2d 756], we were concerned with a clerical error as distinguished from a judicial error or inadvertence and whether notice and hearing were necessary to authorize the court to correct such error. We said (p. 829): ''It has been held repeatedly that an order correcting a clerical error in the record of a judgment may be made by the court *ex parte without notice* and on the court's own motion. . . . The above cases cited may be classified as follows: (1) Where a clerical error appears *on the face of the record.* . . . [Citing cases.] (2) Where the existence of such an error is dependent upon the memory and knowledge of the judge, some cases holding that his declaration on the matter is conclusive. . . . [Citing cases.] (3) Where the statement on the subject in the decision is dictum. . . . [Citing cases.]

''On the other hand there are cases indicating that where a clerical error does not appear on the face of the record but must be proved by evidence aliunde, notice of a motion to correct such an error is necessary if substantial rights are involved. . . . [Citing cases.]

''In any event where, as in the case at bar, the judge has no connection with or knowledge of the asserted error in the record (the issue here is solely one of the filing date of the notice of intention to move for a new trial, a matter solely in the domain of the clerk of the court) and it does not appear on the face of the record, notice of a motion to correct the alleged error should be a jurisdictional requirement.''

In the instant case, however, we do not have either clerical error or judicial inadvertence. The inadvertence, if any, was not that of the court and did not appear on the record. It was the inadvertence of counsel for plaintiffs in failing to present counteraffidavits and appear and oppose, at the time set for the hearing thereof, the motion for change of venue. He asserted he had an excuse and had endeavored to protect himself by calling the judge's secretary to say that he would be late. The court in vacating its order changing venue said, in effect, that if he had known counsel had advised his secretary that he would be late he would not have proceeded.

That is nothing more than saying that plaintiffs had a justifiable excuse for relief under section 473 of the Code of Civil Procedure. The judge did not overlook any fact known to him or shown by the record. The orderly method to vacate the venue change order is under section 473 as it was granted by reason of the default of plaintiffs in failing to appear and oppose the motion for change of venue. Whether their counsel's failure to appear was justified is the important question to be decided and a hearing should be had on that question rather than having the judge circumvent the hearing by saying he would not have held the hearing on the motion if he had known counsel was going to be delayed, and thus calling it an inadvertence on the court's part and requiring no notice or hearing.

For the foregoing reasons we do not reach the question of whether, on the merits, the motion for change of venue should be granted. As pointed out above it appears that the order vacating the formal order granting defendants' motion for a change of venue is ineffectual. The formal order granting the motion for a change of venue stands subject to such further proceedings as may be proper. The order denying defendants' motion for a change of venue is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., and Spence, J., concurred.

SCHAUER J.—I concur in the judgment solely on the ground that the trial court was "without power to set aside an order involving judicial action and regularly made, and enter another and different order *without notice* to the adverse party." (*Harth* v. *Ten Eyck* (1941), 16 Cal.2d 829, 834 [108 P.2d 675] ; *Beyerbach* v. *Juno Oil Co.* (1954), 42 Cal.2d 11, 28 [265 P.2d 1] ; *Bond* v. *Farmers & Merchants Nat. Bank* (1944), 64 Cal.App.2d 842, 848 [149 P.2d 722].)