Filed 2/25/14  Marin Assn. of Public Employees v. Superior Court CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MARIN ASSOCIATION OF PUBLIC EMPLOYEES et al., <br><br>     Petitioners, <br><br> v. <br><br> THE SUPERIOR COURT OF MARIN COUNTY, <br><br>     Respondent; <br><br> MARIN COUNTY EMPLOYEES' RETIREMENT ASSOCIATION et al., <br><br>     Real Parties in Interest. | A139621 <br><br> (Marin County <br> Super. Ct. No. CV1300318) |

A demurrer was sustained without leave to amend in Marin County Superior Court (respondent court) on June 19, 2012, six days *after* the Contra Costa County Superior Court entered an order transferring and consolidating several cases, including this one. Due to an error that was not petitioners' fault, notice of the order granting transfer and consolidation was date-stamped by the clerk of respondent court on June 24, 2013, and not on June 14, the date on which it was delivered to the clerk.  By petition for writ of mandate, petitioners argue that their case in Marin County was automatically stayed upon delivery of notice of the Contra Costa County order.  Alternatively, petitioners argue that delivery of the notice deprived the respondent court of jurisdiction.

On initial consideration of the petition, we issued an alternative writ of mandate on October 22, 2013, ordering the respondent court to either (a) set aside and vacate its order

1

sustaining the demurrer and judgment against petitioner or (b) show cause before this court why a peremptory writ of mandate should not issue. Real parties in interest Marin County Employees' Retirement Association and Board of Retirement of the Marin County Employees' Retirement Association (real parties) elected to show cause. With the issues now fully briefed, we deny the petition for the reasons stated below.

## BACKGROUND[1]

Petitioners are three individual public employees and three labor associations representing public employees of the county. On January 18, 2013, petitioners filed an action for writ of mandate and declaratory relief in the respondent court. The action alleged that amendments to the County Employees Retirement Law (Gov. Code, § 31450 et seq.), enacted by the Legislature in 2012, and actions taken by the real parties pursuant to those amendments, unconstitutionally impaired the vested rights of petitioners and their members.

Meanwhile, a case making similar allegations was underway in Contra Costa County. (*Contra Costa County Deputy Sheriffs' Assn. v. Contra Costa County Employees' Retirement Assn.* (Super. Ct. Contra Costa County, No. MSN12-1870).) The State of California intervened in the Contra Costa case and, in May 2013, filed a motion to transfer and consolidate three other actions, including the Marin County case, with the Contra Costa case.[2]

On June 5, 2013, respondent court held a lengthy hearing on the real parties' demurrer. Following argument by the parties, the court took the demurrer under

---

[1] Both petitioners and real parties have submitted exhibits with their briefs that are related to the procedural aspects of, and arguments presented in, this case and other cases related to it. Petitioners and real parties in interest have requested judicial notice and those requests are unopposed. We grant judicial notice of all exhibits presented for consideration.

[2] The other two cases that the motion sought to consolidate are *Alameda County Deputy Sheriffs' Assn. v. Alameda County Employees' Retirement Assn.* (Super. Ct. Alameda County, No. RG-12658890) and *American Federation of State, County & Municipal Employees v. Merced County Employees' Retirement Assn.* (Super. Ct. Merced County, No. CV003073).

submission and stated that an opinion would issue. It is noteworthy that at the hearing on the demurrer, counsel for intervenor State of California mentioned that its motion to transfer and consolidate was under submission in the Contra Costa case. However, no party suggested that respondent court should defer the hearing or defer deciding the issues presented. To the contrary, all parties argued their positions on the merits, and the state advised the court that it would be filing an amended complaint in intervention.

On June 7, 2013, the Contra Costa County Superior Court issued a decision granting the state's motion for transfer and consolidation. The court specifically found that the actions to be consolidated were not complex, as defined by California Rules of Court, rule 3.400.[3] The court's decision found statutory authority for the transfer and consolidation in Code of Civil Procedure section 403 and also invoked rule 3.500, which governs the transfer and consolidation of noncomplex actions. An order granting the motion was filed on June 13, 2013.

On June 14, 2013, the Attorney General faxed a notice of the Contra Costa County order to transfer and consolidate actions and a notice of a consolidated case management conference to a courier, with direction to file the notices with respondent court that day. The notice of the consolidated case management conference preceded the notice of the order to transfer and consolidate in the fax transmission and, whether due to error by the clerk or the courier, only the notice of consolidated case management conference was date-stamped on June 14, 2013. The Attorney General's office became aware of the error on June 24, 2013, and notified the clerk in Marin County. The clerk then date-stamped the notice of the order to transfer and consolidate with that date (June 24), and not the date that it was actually received by the clerk (June 14).

On June 19, 2013, respondent court sustained the demurrer without leave to amend. Judgment was entered in favor of real parties on June 26, 2013. That same day, petitioners filed a motion for reconsideration of the June 19, 2013 order on the ground that notice of the order to transfer and consolidate was filed with respondent court on

---

[3] All references to rules are to the California Rules of Court.

June 14, 2013, automatically depriving the court of jurisdiction over the matter or, at a minimum, causing the proceedings to be stayed. On August 23, 2013, before respondent court ruled on petitioner's motion, petitioners had filed a notice of appeal from the June 26, 2013 judgment.[4]

Petitioners also filed this petition for writ of mandate on August 30, 2013, seeking an order vacating the judgment entered in respondent court and a writ of mandate directing it to set aside the order sustaining the demurrer and to enter a new order transferring the case to Contra Costa County. On initial consideration, we issued an alternative writ of mandate on October 22, 2013, ordering respondent court to either (a) set aside and vacate its order sustaining the demurrer and judgment against petitioner or (b) show cause before this court why a peremptory writ of mandate should not issue. Real parties elected to show cause.

## DISCUSSION[5]

Petitioners argue that respondent court was not authorized to rule on the demurrer of real parties and enter judgment. They argue that, despite being date-stamped on June 24, 2013, by the clerk in Marin County, the notice of transfer and consolidation was actually delivered to the clerk on June 14, 2013. Petitioners contend that delivery of the notice of transfer had at least one of two legal effects: (1) all proceedings in the Marin County case were automatically stayed, pursuant to rule 3.529, and/or (2) respondent court was deprived of jurisdiction other than to carry out the transfer. We conclude that, assuming the notice of transfer and consolidation was properly filed on June 14, that filing had neither of the legal effects asserted by petitioners.

---

[4] At the request of the parties, this court has deferred the filing of petitioners' opening brief on the appeal until May 2, 2014. At oral argument, counsel for petitioners emphasized the urgency of obtaining a final resolution of the issues. The court inquired whether counsel for real parties would agree to stipulate to expedited briefing and counsel stated that she would. The court will promptly act on any motion or further stipulation regarding the briefing schedule.

[5] Real parties filed a request to file a surreply and a surreply following petitioners' traverse to real parties' return to the petition. We deny the request to file a surreply and have not considered it.

4

**I.** *Rule 3.529 Does Not Apply and There was No Automatic Stay*

Rule 3.529 sets forth procedures for the coordination of complex cases and provides for an automatic stay of proceedings when "an order granting coordination is filed in an included action." (Rule 3.529(b).) However, the Contra Costa order granting transfer and consolidation was made pursuant to rule 3.500, which governs consolidation in *noncomplex* cases and has no provision for an automatic stay. In its decision, the Contra Costa County Superior Court specifically found: "At the outset the court must consider the requirement of [Code of Civil Procedure section] 403 that the action not be 'complex' as defined by the judicial council ([rule] 3.400). The matter is not provisionally complex as described in [rule] 3.400(c) . . . ."[6]

In arguing that rule 3.529 applies in this case, petitioners ignore the clearly stated basis, in statute and rules, for the Contra Costa order granting transfer and consolidation. Instead, petitioners rely on an earlier order that "deemed" the underlying case in Contra Costa to be complex "within the meaning of the California Standards of Judicial Administration for Complex Litigation 3.10." That order concerned only electronic filing and did not purport to be a determination that the case was complex within the meaning of rule 3.400.

Based upon language in our earlier grant of an alternative writ of mandate in this case, petitioners also argue that an automatic stay should be implied as part of rule 3.500.

---

[6] Judge David Flinn, the experienced Contra Costa County Superior Court judge to whom the original Contra Costa case had been assigned, and who decided the transfer and consolidation motion, later provided an explanation for why the case was not designated as complex under rule 3.400: "The parties concluded that the *issues* before the court were certainly 'complex' but acquiesced in the State's position that the action was not presumptively complex under [rule] 3.400(c) and upon analysis the court agreed that it would not be necessary to determine any of the matters complex pursuant to [rule] 3.400. The parties recognized that the issues before the court were time sensitive and the time involved in proceedings with the Administrative Office of [the] Courts and the [Judicial Council Coordinated Proceedings] program would be a determent. The court concluded that it had authority to consolidate the actions as provided by [Code of Civil Procedure section] 403."

We wrote: "[I]t would appear that entering the coordination order should have stayed the Marin case as there is a logical disconnect between an automatic stay in complex cases but not in the noncomplex. This is borne out by an earlier version of the rule that provided for a stay in coordinated cases. Rule 1529 dealt with *all* coordinated cases and provided for the automatic stay. Upon reorganization of the rules by the Judicial Council, coordination was divided into two sets of rules, one for complex and one for noncomplex cases. Yet the stay provision only made it to the complex rule, without any explanation or advisory committee comment explaining the dichotomy." We now reject our preliminary analysis.

Prior to 1996, coordination of all cases involving a common question of fact or law, whether complex or noncomplex, was governed by Code of Civil Procedure section 404, which provided, in relevant part: "When civil actions sharing a common question of fact or law are pending in different courts, the presiding or sole judge of any such court, on his own motion or the motion of any party supported by an affidavit stating facts showing that the actions meet the standards specified in Section 404.1, or all the parties plaintiff or defendant in any such action, supported by an affidavit stating facts showing that the actions meet the standards specified in Section 404.1, may request the Chairman of the Judicial Council to assign a judge to determine whether coordination of the actions is appropriate and a judge shall be so assigned to make that determination." (Former Code Civ. Proc., as amended (Stats. 1982, ch. 250, § 1, p. 798).) Former rule 1529 governed procedure when an order for coordination had been granted pursuant to Code of Civil Procedure section 404 and it contained the provision for an automatic stay.

In 1996 the Legislature enacted legislation that created a dichotomy between the coordination of complex and noncomplex cases. (Stats. 1996, ch. 713, §§ 1-2, pp. 3875-3876.) Code of Civil Procedure section 404 was amended to cover only the coordination of complex cases and retained the requirement of involvement by the Judicial Council. (Stats. 1996, ch. 713, § 3, pp. 3875-3876.) For noncomplex cases, the legislation added section 403 to the Code of Civil Procedure, providing, in relevant part: "A judge may, on motion, transfer an action or actions from another court to that judge's court for

6

coordination with an action involving a common question of fact or law within the meaning of Section 404. The motion shall be supported by a declaration stating facts showing that the actions meet the standards specified in Section 404.1, are not complex as defined by the Judicial Council pursuant to Section 19 of the Standards of Judicial Administration, and that the moving party has made a good faith effort to obtain agreement to the transfer from all parties to each action. Notice of the motion shall be served on all parties to each action and on each court in which an action is pending. Any party to that action may file papers opposing the motion within the time permitted by rule of the Judicial Council. The court to which a case is transferred may order the cases consolidated for trial pursuant to Section 1048 without any further motion or hearing." (Stats. 1996, ch. 713, § 1, p. 3875.)

A new rule, rule 1500, was introduced to govern procedure for the new Code of Civil Procedure section 403. (Former Cal. Rules of Court, rule 1500, adopted eff. Sept. 21, 1996.) That rule was titled "Transfer and consolidation of non-complex common-issue actions filed in different courts" and did not include an automatic stay. (*Ibid.*) We do not find legislative history that explains why rule 1500 did not include an automatic stay, but simply note that from the time that Code of Civil Procedure section 403 was introduced in 1996, there was no automatic stay for the coordination of noncomplex cases.[7] That an automatic stay was provided for complex cases but not for noncomplex cases did not result from the later reorganization of the California Rules of Court.[8]

Because rule 3.529 does not apply in this case and because rule 3.500 does not provide for an automatic stay, the filing of the notice of transfer and consolidation in

---

[7] Real parties argue that this difference between the coordination of complex and noncomplex cases is because in the complex case, an order for coordination involves the exercise of Judicial Council authority (Rule 3.529; Code Civ. Proc., § 404.) They may well be correct, but we need not make a finding on the reason for the difference.

[8] The California Rules of Court were reorganized as of January 1, 2007. (*Vidrio v. Hernandez* (2009) 172 Cal.App.4th 1443, 1459, fn. 8.) Rule 1500 became rule 3.500 and rule 1529 became rule 3.529.

Marin County, on whatever date it occurred, did not result in an automatic stay, and respondent court was not prevented by a stay from sustaining real parties' demurrer.

**II.** *Filing the Notice Did Not Divest Respondent Court of Jurisdiction*

Petitioners also argue that "[t]here is extensive case law holding that a transfer order automatically deprives the court ordering transfer to another court of any jurisdiction over a matter other than to carry out the transfer." All of the cases that petitioners cite consider the jurisdiction of a court over a case that originated in that court, but for which that court has ordered transfer after granting a motion for change of venue. (*Badella v. Miller* (1955) 44 Cal.2d 81, 85; *Searcy v. Kay* (1920) 46 Cal.App. 792, 794; *Moore v. Powell* (1977) 70 Cal.App.3d 583, 587-588.) The cases are not germane to the question of the jurisdiction that a court may exercise over a case after notice of an order transferring the case, issued by a court in another county pursuant to rule 3.500, has been filed.

Rule 3.500(e) provides: "If the court orders that the case or cases be transferred from another court, the moving party must promptly serve the order on all parties to each case and send it to the Judicial Council and to the presiding judge of the court from which each case is to be transferred." Serving notice of the order to transfer and consolidate is required by rule 3.500(e), but there is no implication that service of notice has any particular legal effect. To the contrary, rule 3.500(f) provides: "If the court orders a case or cases transferred, the moving party must promptly take all appropriate action necessary to assure that the transfer takes place and that proceedings are initiated in the other court or courts to complete consolidation with the case pending in that court." This provision clearly implies that further proceedings are required before the court originally exercising jurisdiction loses that jurisdiction.

Finally, it is noteworthy that real party provided this court with Judge Flinn's decision on preliminary issues, filed in the Contra Costa case on November 8, 2013. In that decision, Judge Flinn states that "[t]he inclusion of the Marin action came with a limitation." Judge Flinn makes clear that he was aware of the demurrer in the Marin action (although he misstated the chronology of when it was sustained without leave to

8

amend).  His view was that if petitioners' motion to reconsider "were denied there would be no reason to coordinate as the action would not be active."  Hence, although the transfer and consolidation order upon which petitioners rely is silent on this point, it appears that Judge Flinn had no intention of depriving respondent court of jurisdiction or having the matter stayed unless the demurrer was overruled.  That, of course, did not happen.

## DISPOSITION

The petition for writ of mandate is denied.

_____
Brick, J.*


We concur:


_____
Kline, P.J.


_____
Richman, J.


\* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.