In re PAN AM CORPORATION; Pan American World Airways, Inc.; Pan Am Express, Inc.; Pan Am Shuttle, Inc.; PAA Corporation; Pan Am Commercial Services, Inc.; Allmat International, Inc.; Alert Management Systems, Inc., Debtors.

Gordon Thomson MURRAY, Individually as surviving spouse of Agnes Murray, deceased, and as Executor of the Estate of Agnes Murray, deceased, for the use and benefit of Gordon Thomson Murray, surviving spouse; et al., Plaintiffs–Appellants,

v.

PAN AMERICAN WORLD AIRWAYS, INC.; Alert Management Systems, Inc.; Pan Am World Services, Inc., now known as Johnson Controls World Services, Inc., Defendants–Appellees.

No. 502, Docket 93–5039.

United States Court of Appeals, Second Circuit.

Argued Oct. 20, 1993.

Decided Feb. 17, 1994.

**514**

Andrew J. Toland, Baltimore, MD (Read K. McCaffrey, Patton, Boggs & Blow, Baltimore, MD, Steven Skulnik, Pavia & Harcourt, New York, NY, of counsel), for Plaintiffs–Appellants.

Richard M. Sharp, Washington, DC (Frederick C. Schafrick, Ruth L. Henning, Shea & Gardner, Washington, DC, James M. Shaughnessy, Windels, Marx, Davies & Ives, New York, NY, Clinton H. Coddington, Coddington, Hicks & Danforth, Redwood City, CA, of counsel), for Defendants–Appellees.

Before: McLAUGHLIN, JACOBS and REAVLEY,* Circuit Judges.

McLAUGHLIN, Circuit Judge:

In December 1988, Pan American Flight 103 exploded over Lockerbie, Scotland, killing hundreds in the air and on the ground. This devastating tragedy engendered a great number of wrongful death and personal injury suits against the airline. The task of resolving these claims, already difficult because of the international aspects of the disaster, was made herculean by Pan Am's subsequent bankruptcy.

In this appeal, we address one issue springing from the confluence of bankruptcy and mass tort adjudication: whether a district court may transfer a personal injury case against a bankrupt from a state court to itself, after the bankrupt announces its intention to move for *forum non conveniens* dismissal or transfer (under 28 U.S.C. § 1407(c)(ii)) from that district court to yet another forum.

We hold that a district court may order such a transfer under 28 U.S.C. § 157. Accordingly, we affirm.

## BACKGROUND

In 1991, 549 residents of Lockerbie, Scotland filed wrongful death and personal injury actions in a Florida state court. The complaints alleged that defendants Pan American World Airways, Inc., Alert Management Systems, and Pan Am World Services (collectively, "Pan Am") violated the United Kingdom's Civil Aviation Act, which renders aircraft owners strictly liable for injuries caused by material falling from their planes. The plaintiffs selected Florida because defendants Pan Am World Services and Alert Management Systems were incorporated and doing business there.

Three months later, Pan Am filed a voluntary petition for reorganization in the United States Bankruptcy Court for the Southern District of New York. As provided by Bankruptcy Code section 362(a)(1), this filing automatically stayed the plaintiffs' suits. The bankruptcy court (Blackshear, *Bankr.J.*) partially lifted the stay, however, to permit the plaintiffs to proceed with their Florida litigation solely on the issue of Pan Am's liability.

Pan Am then moved in the United States District Court for the Southern District of New York (Haight, *J.*) for an order transferring the plaintiffs' actions from Florida state court to the Southern District, pursuant to 28 U.S.C. § 157(b)(5). Pan Am explained that section 157(b)(5) was the only vehicle by which it could remove the actions to federal court: the Florida state court was unlikely to grant a motion for *forum non conveniens* dismissal because two of the defendants were incorporated in Florida.

---

* Honorable Thomas M. Reavley, of the United States Court of Appeals for the Fifth Circuit, sitting by designation.

With commendable candor, Pan Am also informed the district court that, if the court granted its motion to transfer the cases from Florida to the Southern District, Pan Am would then either: (1) move in the Southern District to dismiss the action on the ground of *forum non conveniens,* or (2) move in the Southern District for a transfer (under 28 U.S.C. § 1407) to the Eastern District of New York, where the Judicial Panel on Multidistrict Litigation had earlier consolidated other tort cases against Pan Am. *See In re Air Disaster at Lockerbie, Scotland,* 709 F.Supp. 231 (J.P.M.L.1989). Pan Am's stated goal was to have the cases ultimately heard in either Scotland or the Eastern District.

The plaintiffs objected to Pan Am's transfer motion. They pointed out that section 157(b)(5) authorizes a district court to transfer a personal injury case from state court only to either of two federal districts: (1) the district where the bankruptcy is proceeding (here, the Southern District), or (2) the district where the cause of action arose (here, Scotland, which, of course, has no district court). Because section 157(b)(5) does not authorize a transfer directly to Scotland or the Eastern District, the plaintiffs argued that Pan Am should not be permitted to accomplish in two steps what it could not do in one.

The plaintiffs also filed a cross-motion, requesting the district court to abstain from exercising jurisdiction over the Florida state actions.

The district court granted Pan Am's motion and transferred the Florida suits to the Southern District under section 157(b)(5). Denying the plaintiffs' motion to abstain, the court found that no unsettled issues of Florida law were involved, Florida had little interest in the dispute, and, most importantly, the possibility of a later retransfer to the Eastern District did not contravene the interests of justice.

The plaintiffs now appeal.

## DISCUSSION

### I. *Appellate Jurisdiction*

There is a threshold question as to whether we have jurisdiction to hear an appeal from the grant of a section 157(b)(5) motion to transfer. We have jurisdiction over appeals from final judgments of a district court, 28 U.S.C. § 1291, and from district court orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself [to defer review]." *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). A collateral order is reviewable under *Cohen* if it (1) conclusively determines the question presented, (2) resolves an important issue that is completely collateral to the merits, and (3) concerns a right that would be effectively unreviewable after a final judgment on the merits. *Gulfstream v. Mayacamas Corp.,* 485 U.S. 271, 276, 108 S.Ct. 1133, 1136, 99 L.Ed.2d 296 (1988).

In evaluating whether an order involving a bankruptcy proceeding is reviewable, we apply the three *Gulfstream* factors flexibly. *See In re Johns–Manville Corp.,* 824 F.2d 176, 179 (2d Cir.1987). We also are guided by concerns of fairness and the efficient administration of the bankruptcy case. *See generally A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 1009 (4th Cir.) (describing "relaxed" standard of appealability in bankruptcy matters), *cert. denied,* 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). We conclude that we have jurisdiction to review the transfer order.

The first *Gulfstream* factor is clearly satisfied because the order transfers the cases from Florida to the Southern District of New York, thus fully and finally disposing of the issue presented on appeal. *Cf. In re Repetitive Stress Injury Litig.,* 11 F.3d 368, 372 (2d Cir.1993) (no jurisdiction to review grant of consolidation order because such orders may be revised as litigation proceeds). The second *Gulfstream* prong is also satisfied because the transfer issue is not at all related to the merits of the plaintiffs' underlying tort claims.

The third *Gulfstream* prong is more problematic. True, the plaintiffs *could* get review of the transfer order after final judg-

ment is entered on their tort claims. This, however, would encumber Pan Am with more costly and time-consuming litigation, further prolonging the already torpid administration of Pan Am's estate and depleting the funds available to its creditors. Allowing the plaintiffs to appeal the order now is far more consonant with principles of efficiency and fairness. *See In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1283 (2d Cir.1990) ("Congress intended to allow for immediate appeal in bankruptcy cases of orders that finally dispose of discrete disputes within the larger case.") (quotation marks and emphasis omitted); *Piccinin*, 788 F.2d at 1009. Accordingly, we conclude that we have jurisdiction to review the section 157(b)(5) transfer order.

## II. Section 157 transfer

■ Turning to the merits, the plaintiffs argue that the district court erred by ordering the transfer of their cases from Florida to the Southern District under section 157(b)(5), without considering Pan Am's express intention to relocate the cases later (via *forum non conveniens* dismissal or 28 U.S.C. § 1407 transfer) to another forum. We disagree.

■ A bankrupt debtor who is a defendant in a personal injury action may move under section 157(b)(5) to transfer the case to one of two venues: (1) the district where the bankruptcy is proceeding; or (2) the district where the claim arose. *See* 28 U.S.C. § 157(b)(5). The transfer motion should be made to the district court in the district where the bankruptcy is proceeding. *Id.* If the transfer motion is met with a cross-motion to abstain, the presumption is that "[t]ransfer should be the rule, abstention the exception." *In re Pan Am*, 950 F.2d 839, 845 (2d Cir.1991).

The plaintiffs do not dispute that the plain language of section 157(b)(5) authorized the district court to transfer their cases from Florida state court to the Southern District of New York where Pan Am's bankruptcy was proceeding. Rather, the plaintiffs urge us to look beyond the transfer requested by Pan Am and to evaluate it in light of Pan Am's planned next move: relocating the case

from the Southern District to either the Eastern District or Scotland.

The plaintiffs' argument proceeds thus: The district court could not transfer the cases directly from Florida to either Brooklyn (Eastern District of New York) or Scotland under section 157. This being so, section 157(b)(5) should not be manipulated to facilitate an eventual transfer to Brooklyn or Scotland. Thus, the plaintiffs conclude, because Pan Am's entire plan smacks of artifice, the initial transfer to the Southern District should be disallowed.

■ We are unpersuaded. Congress enacted section 157(b)(5) to expand the district court's venue-fixing powers with an eye to centralizing the adjudication of a bankruptcy case. *Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 832, 835 (5th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 2963, 125 L.Ed.2d 663 (1993); *In re Pan Am*, 950 F.2d at 845. While section 157 limits the courts to which the district court may transfer cases *under that section*, that restriction does not diminish the district court's other powers to change venue. *See Baumgart*, 981 F.2d at 834 ("An enactment conferring upon the district court additional power to control venue cannot properly be construed to deprive the courts of their established discretionary powers over venue."). Accordingly, we find that a court may transfer a case under section 157(b)(5) without considering any party's plans to relocate the case in the future. *See generally id.* ("[S]pecific legislation would be necessary to abrogate the doctrine of *forum non conveniens*.").

Common sense compels our conclusion. If Pan Am's scheme to relocate the cases after the initial transfer proves nettlesome, the district court may simply refuse to transfer the cases from the Southern District. It would be bootless for the district court now to evaluate the merits of a motion that has not yet been made.

The plaintiffs believe that their construction of section 157(b)(5) is supported by our decision in *In re Pan Am*, 950 F.2d 839 (2d Cir.1991), which also arose out of the Flight 103 tragedy. In *Pan Am*, wrongful death actions were filed in Florida state court on behalf of 54 passengers and one crew member who died in the crash. The 55 plaintiffs,

all American citizens, sought recovery under Florida law.

There, as here, the defendant moved in the Southern District of New York to remove all 55 actions to the Southern District under section 157(b)(5). And, as here, the defendant indicated that if the court were to grant its motion, the defendant would follow up with a motion seeking dismissal or a second transfer to the Eastern District. The district court abstained from deciding the motion, finding that the defendant's transfer plan raised difficult jurisdictional issues and that the convoluted procedure was inefficient. The defendant appealed the district court's abstention.

Upon appeal, we sharply distinguished between the claims of the passengers and the claim of the single crew member. Finding that the passenger claims under state law were preempted by treaty and thus raised no issues warranting abstention, we concluded that the district court abused its discretion by not transferring the 54 passenger claims to the Southern District. *In re Pan Am,* 950 F.2d 839, 848 (2d Cir.1991). *See In re Air Disaster at Lockerbie, Scotland,* 928 F.2d 1267, 1273 (2d Cir.) (passengers' state law wrongful death claims preempted by Warsaw Convention), *cert. denied, Rein v. Pan American World Airways, Inc.* — U.S. —, 112 S.Ct. 331, 116 L.Ed.2d 272 (1991). On the other hand, we found that the district court did not abuse its discretion by abstaining from deciding the crew member's transfer motion. We noted that, although the crew member's state wrongful death claim was not preempted, there were adequate reasons for the district court to stay above the fray "in the interest of justice, or in the interest of comity with the State courts." 28 U.S.C. § 1334(c)(1). *See In re Pan Am,* 950 F.2d at 848.

Contrary to the plaintiffs' belief, Pan Am did not hold that a two-step procedural *pas de deux* was invalid per se, or even that the district court was required to factor into its transfer calculus Pan Am's future plans to change venue. *Pan Am* did not address whether section 157(b)(5) could be used as part of a two-step transfer; rather, with respect to the employee's wrongful death action, it found that the district court did not abuse its discretion by declining to transfer a claim that was not preempted. That result hardly suggests that the district court was required to deny the transfer motion, or that the court was compelled to consider the defendant's next move in deciding whether to transfer the cases.

It has not escaped our notice that the crew member's wrongful death suit in the earlier *Pan Am* case was brought on behalf of an American citizen and under Florida state law. Here, in contrast, the plaintiffs are Scottish citizens and the law in question is British. Florida's only interest in the plaintiffs' cases is that two of the defendants were incorporated there. We can find no abuse of discretion by the district court in its decision to order a transfer of all the cases from Florida to the Southern District of New York, the site of the Pan Am bankruptcy proceeding.

## CONCLUSION

The order of the district court is affirmed.