**Ahsan ULLAH, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant.**

No. 94 Civ. 2500 (VLB).

United States District Court,
S.D. New York.

May 9, 1994.

Ahsan Ullah, Long Island City, Queens, NY.

Martin W. Chow, John J. Graubard, F.D.I.C., Jersey City, NY, for defendant.

MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

This case presents a question of first impression as to whether the Federal Depos-

it Insurance Corporation (FDIC) can remove a state court suit brought against it by a customer of a bank taken over by the FDIC to a district other than that in which the state court action was pending, on the basis that under the venue statutes the action could have been brought in the district to which removed. I answer this question in the negative.

Plaintiff Ahsan Ullah, a customer of the former Dollar Dry Dock Bank, later taken over by the FDIC, brought suit in the Civil Court of the City of New York, Queens County in March, 1994 for "failure to return legal expenses in connection with approval of loans due to Bank's fault." Queens falls within the Eastern District of New York.

On April 8, 1994 the FDIC removed plaintiff's suit to the United States District Court for the Southern District of New York, where the bank had been located. The bank involved had its principal place of business in this district, thus permitting suit to have been filed here under 12 U.S.C. § 1821(d)(6)(A).

## II

The statute setting forth criteria and procedures for removal of state court suits to federal district courts (28 U.S.C. § 1441) provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the division embracing the place where such action is pending. . . .

This general removal statute makes no reference to the propriety or impropriety of venue in the district to which a state court suit is removed.

■■ Removal may proceed regardless of venue considerations, which may be addressed after removal under 28 U.S.C. § 1441(a) is accomplished. Improper venue is not a jurisdictional defect, but can be waived by failure to assert it, as provided in Fed.R.Civ.P. 12(b) and 12(h)(1). It can also be corrected by transfer under 28 U.S.C. 1406, or by a transfer for convenience under 28 USC 1404(a).

A more specific statute, 12 U.S.C. § 1819(b)(2)(B), permits the FDIC to remove cases involving it "to the appropriate United States district court". The term "appropriate" leaves the determination of the district to which removal may be made to other sources of law. The question presented here is whether the term "appropriate" authorizes the FDIC to remove a private state court action to any district in which venue may be proper.

## III

It would be difficult to read the FDIC removal provision in Title 12 (12 U.S.C. § 1819) as displacing the procedures of the general removal statute (28 U.S.C. § 1441[a]). The Title 12 section does not "expressly" provide for any departure from the general removal statute, merely authorizing removal to the "appropriate" court, which must thus be determined by resort to generally applicable law. The distinction between 28 U.S.C. § 1441 with its explicit statement of the courts to which cases are to be removed, and the Title 12 section should hardly be treated as of no consequence. See *Sea Robin Pipeline Co v. FERC*, 795 F.2d 182, 184 n. 1 (D.C.Cir.1986) (R. Ginsburg, J.).

## IV

The Supreme Court has recently emphasized the importance of uniformity of procedure in federal litigation except where a substantive statute (such as the Title 12 provision involved here) specifically dictates departure from generally applicable rules. *Leatherman v. Tarrant County*, —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Any other approach would add to the complexity of litigation because a citizen or practitioner could rarely expect to be able to consult the Judicial Code or Federal Rules of Civil Procedure to learn with any confidence how to proceed in conducting legal business.

The procedural uncertainty and side litigation which would be created were the *Leatherman* approach not followed would tend to

defeat the goals set forth in Fed.R.Civ.P. 1 (the "just, speedy and inexpensive" determination of every action). The 1993 amendments to that Rule emphasize its importance in providing that all procedural rules should be "administered" as well as "construed" to seek these goals.

## V

The restriction of initial removal to the district where a state court action was pending has particular importance because of the self-executing nature of a notice of removal under 28 U.S.C. § 1446. No judicial approval is necessary for the effectiveness of the notice; the 1988 amendments to § 1446 abolished the former mischaracterized "petition for removal" and replaced it by the current notice of removal. If the adversary wishes to contest removal, now as then this must be done through a motion to remand under 28 U.S.C. § 1447, brought in the court to which the case was removed.

If 28 U.S.C. § 1441(a) did not strictly limit removal to the district in which the initial state court action was pending, a removing party could shift a state court suit pending in New York directly to the District of Hawaii without any intermediate judicial intervention. Such a procedure could lend itself to distant forum abuse of the types condemned in *Noxell Corp v. Firehouse No. 1*, 771 F.2d 521 (D.C.Cir.1985), *earlier decision* 760 F.2d 312 (D.C.Cir.1985) (R. Ginsburg, J.).[1] As applied to the Title 12 provision involved here, this would mean that an Oregon resident, with a claim against a bank having its principal place of business in Florida, could find the case moved to Florida by means of an *ex parte* notice of removal without any prior opportunity to be heard. It strains the imagination to assume that Congress would have intended by use of a general term such as "appropriate" to authorize an *ex parte* procedure that would lend itself to such a result.

## VI

To authorize an *ex parte* transfer to a district other than that in which a case had been pending without a showing of emergency might raise constitutional questions of due process. See *Connecticut v. Doehr*, 501 U.S. 1, 111 S.Ct. 2105, 115 L.Ed.2d 1 (1991); authorities cited, *Little Tor Auto Center v. Exxon*, 822 F.Supp. 141 (S.D.N.Y.1993). Such questions are avoided by following the plain meaning of 28 USC 1441.

## VII

It can be argued that to require the FDIC to file a separate motion to transfer will cause additional delay and expense. Such an argument would overlook the possibility that a separate motion by the adversary would be necessary to challenge the appropriateness of the direct removal to a district not that of the state action. Moreover, the additional cost and delay may well be minor compared to other costs and delays frequently incurred in litigation of this nature. See *Dollar Dry Dock Bank v. Denning*, 148 F.R.D. 124 (S.D.N.Y.1993).

At a deeper level, removal of lawsuits of the magnitude normally cognizable in City Court to United States district courts because of presence of a federal question or protective jurisdiction tends to place the district courts in the role of small claims tribunals, resulting in consumption of additional time and expense for all parties as well as the court. See generally *Schueler v. Roman Asphalt*, 827 F.Supp. 247 (S.D.N.Y.1993); *Dickman v. F.D.R. VA Hospital*, 148 F.R.D. 513 (S.D.N.Y.1993).

Where such removal has nonetheless occurred, prompt effort to achieve settlement is particularly important before the cost of litigation exceeds—often for both parties—the amount in dispute. Although I would be reluctant to order procedural steps that would have to be carried out after transfer of

---

1. The recognition of this problem is also reflected in legislation. See also 15 U.S.C. § 1692i (limitation of venue in consumer debt collection cases to where the consumer signed a contract or resided at the time the suit was filed); 28 U.S.C. § 3004(b)(2) (in federal debt collection suits, debtor can request transfer to district of residence); *Spiegel v. FTC*, 540 F.2d 287 (7th Cir. 1976) (unfair trade practice to bring suits in inconvenient location); Chen, "Due Process as Consumer Protection," 28 Akron L.Rev. 9 (1986).

a case, I have every confidence that the FDIC will pursue settlement or alternate dispute resolution without the need for any such direction, and will reconsider its policy concerning when removal is or is not appropriate.

### VIII

■ Improper removal to this district of a state court case pending in the Eastern District of New York does not compel remand of the case to the state court so that it can then be removed to the Eastern District. That would bring about additional delay and expense while serving no useful purpose.

Federal courts have broad authority to reach a proper result by the most expedient means. Where a case can be sent directly to its proper site, this may be done without resort to unnecessary intermediate steps. *In re Pan Am (Murray v. Pan American Airways,* 16 F.3d 513 (2d Cir.1994). This case is transferred to the Eastern District of New York.

SO ORDERED.