Bradley **TANZMAN**, Plaintiff,

v.

**MIDWEST EXPRESS AIRLINES, INC., et al., Defendants.**

**Civil No. 95–1987–B (AJB).**

United States District Court,
S.D. California.

Feb. 20, 1996.

---

Kathleen Pratt, Sloan & Pratt, San Francisco, CA, for plaintiff.

Daniel Fears, Payne & Fears, Irvine, CA, for defendants.

ORDER DISMISSING CASE; DENYING AS MOOT PLAINTIFF'S MOTION TO TRANSFER VENUE; DENYING DEFENDANTS' REQUEST FOR SANCTIONS AND DENYING SANCTIONS AGAINST DEFENDANTS

BREWSTER, District Judge.

On January 16, 1996, this Court held a hearing in the above-captioned case on Orders to Show Cause why this case should not be remanded to Superior Court, why defense counsel should not be sanctioned, and on plaintiff's motion to transfer venue and defendant's request for sanctions. Kathleen Pratt, Esq. appeared on behalf of plaintiff Bradley Tanzman. Daniel Fears, Esq. appeared on behalf of defendants Midwest Express Airlines, Inc., Kimberly–Clark Corporation and Peter Klebenow.

After due consideration of the parties' briefs, their evidence and arguments, the Court hereby DISMISSES this case. Furthermore, the Court DENIES as moot plaintiff's motion to transfer venue, DENIES defendants' request for sanctions and DECLINES to award sanctions against defendants.

## BACKGROUND

Plaintiff is suing his former employer, Midwest Express Airlines, Midwest Express's parent company, Kimberly–Clark Corporation, and his former supervisor, Peter Klebenow, on claims alleging, *inter alia,* violations of the California Fair Employment and Housing Act (FEHA), sex discrimination, workplace sexual harassment and wrongful termination.

Plaintiff filed his complaint on August 10, 1995, in Superior Court in San Mateo County. Defendants filed on August 25, 1995, a motion to change venue of the case from San Mateo County to San Diego County, and this motion was granted on September 11, 1995.[1] By Notice dated September 27, 1995, the Superior Court for San Diego County issued a Notice of Receipt of Transferred Case, pursuant to California Code of Civil Proce-

---

1. This order, dated and filed September 11, 1995, is captioned "Order Transferring Action" but in text states:

Accordingly, it is hereby: Ordered and Adjudged that the Motion to Change Venue by defendant be, and the same hereby is, Granted.

dure (CCP) § 399, stating that the case had been received and filed on September 15, 1995, after transfer from San Mateo Superior Court. On September 15, 1995, defendants purported to remove to this Court, stating that they received the summons and complaint on August 18, 1995.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy allegedly exceeds $50,000 and diversity of citizenship exists: plaintiff is a resident of California and Midwest Express is a Delaware corporation with principal place of business in Wisconsin; Kimberly–Clark is a Delaware corporation with principal place of business in Texas, and Peter Klebenow resides in Washington, D.C.

However, it appears that the receipt and filing of the case by the San Diego Superior Court were premature under California law. California state law, at CCP § 400, provides that a party may appeal an order transferring venue within 20 days of service of notice of the order. CCP § 400, entitled "Petition for writ of mandate by party aggrieved" reads:

> When an order is made by the superior court granting or denying a motion to change the place of trial, the party aggrieved by such order may, within 20 days after service of a written notice of the order, petition the court of appeal for the district in which the court granting or denying the motion is situated for a writ of mandate requiring trial of the case in the proper court. The superior court may, for good cause, and prior to the expiration of the initial 20–day period, extend the time for one additional period not to exceed 10 days. The petitioner shall file a copy of such petition in the trial court immediately after the petition is filed in the court of appeal. The court of appeal may stay all proceedings in the case, pending judgment on the petition becoming final....

CCP § 399 pertains to the time for transmission of files by the clerk of the transferor court to the clerk of the transferee court. The statute reads in pertinent part:

> When an order is made transferring an action or proceeding under any of the provisions of this title, the clerk shall, after expiration of the time within which a petition for writ of mandate could have been filed pursuant to Section 400, or if such petition is filed after judgment denying the writ becomes final, and upon payment of the costs and fees, transmit the pleadings and papers therein ... to the clerk of the court to which the same is transferred.... The court to which an action or proceeding is transferred under this title shall have and exercise over the same the like jurisdiction as if it had been originally commenced therein, all prior proceedings being saved....

On September 22, 1995, defendants filed in this Court an answer to plaintiff's complaint. Notwithstanding defendants' attempted removal to this Court, on or about September 29, 1995, within the time limits set forth in CCP §§ 399 and 400, plaintiff filed a motion to stay the transfer and a petition for writ of mandate before the California Court of Appeal, First District, appealing the San Mateo Superior Court's order of September 11 granting the motion to change venue. Defendants apparently wrote a letter to the California Court of Appeals advising them that since defendants had removed the case to federal court on September 15, the Court of Appeal was without jurisdiction in the matter. By order dated October 5, 1995, the Court of Appeal denied the petition for writ of mandate and request for stay by postcard without indicating the basis for the rulings. In the meantime, on October 13, 1995, plaintiff filed in this Court a motion to change venue of this case to the Northern District of California, based on 28 U.S.C. § 1406 (wrong venue), and 28 U.S.C. § 1404 (forum non conveniens). On November 20, 1995, this Court held a hearing on that motion. The Court, expressing reservations about the propriety of defendants' removal, deferred ruling on plaintiff's motion and ordered a hearing on Orders to Show Cause why this case should not be remanded to Superior Court and why defense counsel should not be sanctioned.

## CONCLUSIONS OF LAW

A. Dismissal by this Court Without Prejudice is Warranted Because the Putative Transfer of this Case to San Diego Superior Court was Ineffective, Thus No Case or Controversy was Removable from the San Diego Superior Court to this Court

■ The Court concludes that *sua sponte* dismissal of this purported case is warranted because the attempted transfer of the case to San Diego Superior Court from the San Mateo Superior Court prematurely in contravention of state law was ineffective in transferring the case. Accordingly, the removal was also a void act and of no effect. The case had not, in fact, been validly transferred to San Diego County when it was purportedly removed here, and, consequently, the case at all material times remained in San Mateo County. Since this Court has no pending case before it, there is nothing to remand. In effect the Court's order herein is only dismissing a case number which houses no actual case.

■ Transfer of the case took place prematurely. CCP § 400, *supra,* makes clear that plaintiff in this case had at least 20 days in which to file a writ to challenge the trial court's order granting the motion to transfer venue. CCP § 399 adds that the case files shall not be transferred until the expiration of the time period allowed for a writ to be filed. The only fair reading of these sections, when read together, is that a case subject to transfer shall not in fact be transferred for at least 20 days from the date of service of the order granting the motion to change venue absent stipulation of opposing counsel. A contrary reading would eviscerate the intent of the statutes and render them a nullity. If it were otherwise, a prevailing party could always simply do as was done in this case: arrange for the case to be transferred immediately after the motion was granted and before the losing party had had a chance to prepare its writ application, and thereby deprive the losing party of that which is provided by statute—a window of time in which to seek a writ before the case moves to a different forum.

It is undisputed that the order by San Mateo Superior Court granting the motion to change venue was filed September 11, 1995 and that San Diego County Superior Court purported to accept the transfer effective September 15, 1995, by filing a Notice of Transferred Case. This attempted transfer occurred just four days into the 20–day statutory period of repose and as such contravened CCP §§ 400 and 399.

Defense counsel concedes in a Declaration that he contacted the San Diego Superior Court Clerk's Office with regard to having the San Diego Superior Court accept the case from San Mateo and file it in San Diego. He avers that his contacts were motivated by a desire to avoid missing the 30–day time period prescribed by 28 U.S.C. § 1446(b) during which he could remove this case to federal court. See 28 U.S.C. § 1446(b). He states:

> Knowing that the time to remove this action would expire in two court days, I called a clerk of the San Diego Superior Court on September 15, 1995, to inquire why the clerk had not accepted the Answer and to explain the procedural posture of this case.... In this case, I wanted to understand the position of the clerk so as not to compromise the right to answer and remove now that the case had been ordered transferred....
>
> The [Court] Administrator informed me that the case would be in San Diego as soon as the transfer fees were paid in the San Mateo Superior Court, and thereafter the Court would accept an Answer. I asked the Administrator whether the case would be in San Diego that day if we were able to cause the transfer fees to be paid in the San Mateo Superior Court the same day. The Administrator responded affirmatively, and defendants paid the appropriate transfer fees to the San Mateo Superior Court on September 15, 1995.

Defendants argue that the San Diego Superior Court had jurisdiction over the case on September 11th, the day that the San Mateo Superior Court made its order granting the motion to transfer venue. Defendants cite cases which they argue stand for the proposition that, upon its issuance, an

order of transfer vests the transferee court with jurisdiction. *See Badella v. Miller,* 44 Cal.2d 81, 85, 279 P.2d 729 (1955); *Chase v. Superior Court,* 154 Cal. 789, 99 P. 355 (1908); *Refrigeration Discount Corp. v. Superior Court,* 91 Cal.App.2d 295, 204 P.2d 932 (1949). *But see London v. Morrison,* 99 Cal.App.2d 876, 879, 222 P.2d 941 (1950) (transferee court does not acquire jurisdiction pursuant to a venue change order until the transfer fee is paid and the papers are filed in the transferee court). A more precise reading of these cases, however, suggests that the cases stand for the proposition that a transferring court does not lose all jurisdiction over a case once the transfer order has been made. *Badella,* 44 Cal.2d at 86, 279 P.2d 729 ("It does not appear that the finality and appealability of an order changing venue, nor the provision that the court to which the transfer is made should thereafter exercise jurisdiction, Code Civ.Proc. § 399, should preclude the court making the order from considering a motion to vacate such order....")

■ To the extent that those cases hold that the transferee court immediately acquires jurisdiction upon the making of the transfer order, they are distinguishable, and no longer valid precedent. These cases predate a legislative change which took place in 1961. At that time, the Legislature amended § 399 to provide that the case papers would not be transmitted to the transferee court until after the time for filing a petition for writ of mandate had passed. The Court's research has failed to turn up any case addressing this aspect of the statute since its 1961 amendment. The legislative change suggests that the legislature intended to hold a case transfer in abeyance until after the losing party on a venue motion had a chance to seek a writ. Further, it is a fundamental tenet of statutory interpretation that statutes must be construed so as to give effect to their whole. As discussed above, to allow transfer during the time reserved for a writ challenge would eviscerate the statutes.

■ Plaintiff urges the Court not to dismiss the case but to transfer the action to the United States District Court for the Northern District of California. Plaintiff agrees with the Court that defendants' transfer of the case was improper, but asserts that said improper transfer resulted in only a procedural defect in defendants' removal. Plaintiff then argues that this Court has jurisdiction over the case, that the case was properly pending in San Mateo County and that removal would have been proper to the Northern District, citing *Ullah v. F.D.I.C.,* 852 F.Supp. 218, 221 (S.D.N.Y.1994) (where case removed to the wrong district, federal court can transfer venue rather than remand). However, *Ullah* is inapposite to this situation. The premature and illegal attempted transfer of this case to San Diego County Superior Court was a nullity. If so, no case was pending in the San Diego Superior Court when the purported removal occurred. Consequently, no case was removed to this Court. There being no case here, there is no case to be transferred to the Northern District. Moreover, even if plaintiff were correct that defendants' error is simply one of removing this case to the wrong district court, which is not what occurred here, it is clear that a district court has the discretion in such situations to dismiss the case. *Mortensen v. Wheel Horse Prods.,* 772 F.Supp. 85, 90 (N.D.N.Y.1991).

■ The purported transfer, as a premature and illegal act, was void *ab initio.* The actions of the San Diego Superior Court Clerk's Office do not and cannot override the statutory mandate. Moreover, counsel's desire to remove the case to federal court similarly cannot justify departure from the dictates of CCP §§ 400 and 399. Removal is not an absolute right and can be waived by, for example, failing to remove within thirty days of service of summons and the complaint. *See* 28 U.S.C. § 1446(b). If counsel had wished to preserve his ability to remove this case, he could have removed this case to the U.S. District Court for the Northern District of California and then brought before that court a motion to change venue to the U.S. District Court for the Southern District of California.

Counsel contends that had they first removed this case to the Northern District, they would have been deemed to have waived any objections to improper venue. *Counsel*

cites *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 73 S.Ct. 900, 97 L.Ed. 1331 (1953) and Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial*, § 2:1048 (1955).

However, a close reading of *Polizzi* does not bear out counsel's contention. The case held simply that the venue of removed actions is governed by 28 U.S.C. § 1441(a), and stated that that section "expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" 345 U.S. at 666, 73 S.Ct. at 902. The statements by the *Polizzi* Court do not mention waiver and the case does not hold that waiver of a venue objection based on other federal venue statutes is necessarily implied from the mere act of removal. Without more, *Polizzi* and § 1441(a) simply stand for the proposition that the initial venue of a removed action lies in the district court where the action had been pending.

■ Indeed, it has been stated that "[i]t is well settled that the filing of a removal petition in a diversity action, without more, does not waive the right to object in federal court to the state court venue." *Lambert v. Kysar*, 983 F.2d 1110, 1113 n. 2 (1st Cir.1993) *citing Moss v. Atlantic Coast Line R.R. Co.*, 157 F.2d 1005 (2d Cir.1946) *cert. denied*, 330 U.S. 839, 67 S.Ct. 980, 91 L.Ed. 1286 (1947). *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 240–241, 102 S.Ct. 252, 258–259, 70 L.Ed.2d 419 (1981), where a removed case was transferred under 28 U.S.C. § 1404(a) and then dismissed altogether by the federal transferee court based on common law *forum non conveniens*.

Where the purported transfer of this case from San Mateo Superior Court to San Diego Superior Court was illegal and void, this case was not pending in San Diego County Superior Court at the time defendants filed their Notice of Removal. Where San Diego Superior Court in reality received no case from San Mateo Superior Court, San Diego Superior Court had no case to be removed to this Court. This Court, having validly received no case upon defendants' filing of their Notice of Removal, finds that—while it may

have but the simulacrum of this case before it—this case is not pending in this Court. To the extent that the simulacrum is here, the Court dismisses it without prejudice. Meanwhile, according to the parties, the actual case now resides in the San Diego Superior Court, having been transferred eventually pursuant to the provisions of CCP §§ 400 and 399.

### B. The OSC re: Sanctions

■ The Court declines to award sanctions against defendants. Based on the Fears Declaration, *supra*, defense counsel may have initiated contacts with the San Diego Superior Court's Clerk's Office which led to a premature and ineffective transfer, but the Court is unwilling to find defendants' counsel's conduct sanctionable.

### CONCLUSION

The Court hereby dismisses this case number on the grounds there is no case or controversy before this Court, and declines to award sanctions against defense counsel. In light of the dismissal of the case, plaintiff's pending motion to transfer venue is denied as moot, and defendant's pending request for sanctions is denied.

IT IS SO ORDERED.