Richard D. ROBERTI and Daniel R. Roberti, Plaintiffs,

v.

George LONGWORTH, Chief of Police of the Dobbs Ferry Police Department and sued herein in his individual capacity, Thomas Leahy, a Detective employed by the Dobbs Ferry Police Department and sued herein in his individual capacity, and Village of Dobbs Ferry, a municipal corporation, Defendants.

No. 01 Civ. 7863(CLB).

United States District Court, S.D. New York.

Sept. 28, 2001.

Thomas J. Hillgardner, Jamaica, NY, for plaintiffs.

Lewis Silverman, Renzulli & Rutherford, LLP, New York City, for defendants.

BEFORE: Hon. CHARLES L. BRIEANT United States District Judge Southern District of New York.

## MEMORANDUM & ORDER

BRIEANT, District Judge.

By motion filed September 10, 2001, and heard and fully submitted on September 28, 2001, Plaintiff moves for an order to transfer this federal civil rights action to the United States District Court for the Northern District of New York, or in the alternative, to remand this action to the Supreme Court of the State of New York, Greene County, and for costs and expenses including attorneys' fees. The motion is denied without prejudice to an application by any party to be made after pretrial discovery has been concluded, and the names and location of necessary witnesses have been ascertained, to transfer the case

to the Northern District under 28 U.S.C. § 1404(a).

Plaintiff filed this action in Supreme Court of the State of New York, Greene County, on April 5, 2001 seeking monetary damages for civil rights violations under 42 U.S.C. § 1983 and conspiracy to deprive civil rights pursuant to 42 U.S.C. § 1985.

Plaintiff's claim raises a federal question under 28 U.S.C. § 1331 and alleges civil rights violations within 28 U.S.C. § 1343. Therefore, the federal court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1343 and 1441(b). Defendants removed this case to this District Court on August 22, 2001.

The Complaint, as amplified at the hearing on this motion, alleges that on January 5, 2000 in the Town of Hunter, County of Greene and State of New York, several defendant police officers of the Village of Dobbs Ferry in Westchester County, and one police officer employed by the County of Westchester journeyed to Plaintiffs' residence in Greene county to investigate a homicide within their jurisdiction. They conducted a search, and seizure of personal property without a warrant, and detained Plaintiffs without their consent, under circumstances amounting to false arrest and imprisonment, also without a warrant. The officers obtained written consent from Plaintiff Richard D. Roberti which Plaintiff alleges to be voidable because of duress. Accordingly, the issues for trial are whether the consent is voidable, and if not whether the actions taken were unreasonable or beyond the scope of the consent.

■ Defendants removed this action to the Southern District of New York relying upon their reading of New York CPLR § 504(2), which provides that an action against a village shall be "in the county in which ... such village ... is situated." A similar state venue statute applies to the County of Westchester. This Court determines venue as a matter of federal law, and is not bound by New York CPLR § 504 and similar rules of venue applicable to the state courts. However, were the case to be remanded to the New York Supreme Court of Greene County, from which it was removed, that court would be required, absent waiver, to transfer the action to Westchester County Supreme Court.

Plaintiff argues that if the case is not to be remanded because removed to the wrong district, the proper federal court venue would be the Northern District of New York, the district court embracing the place where such action was pending when removed. Plaintiff cites 28 U.S.C. § 1441(a), which provides in part, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States *for the district and division embracing the place where such action is pending*" (emphasis added). This limitation is also found in § 1441(d).

■ This argument overlooks that the Notice of Removal in this case filed August 22, 2001 relies upon § 1441(b) of Title 28 in which the reference to the district embracing the place where the action is pending, does not appear. We would not assume that this omission by Congress found only in subparagraph (b) was unintentional. Section 1441(b), by its plain meaning, allows removal without limitation to any federal court. Implicit in any such statutory provision, the court to which removed must have personal jurisdiction over the parties and trial of the case there must comport generally with due process. These limitations answer any argument

that § 1441(b), if read literally, could permit removal of the case to anywhere, even to Hawaii, as hypothesized in *Ullah v. Federal Deposit Insurance Corporation*, 852 F.Supp. 218, 220 (S.D.N.Y.1994). This district court enjoys statewide service of process, as does the New York State Supreme Court of Greene County. Nor are any issues of due process implicated in requiring Plaintiffs to proceed in this district.[1]

Removal to this district is in all respects valid. As noted earlier, after removal any party may request a discretionary transfer to a more convenient district court forum under 28 U.S.C. § 1404(a). *See PT United Can Company, Ltd., v. Crown Cork & Seal Company, Inc.*, 138 F.3d 65, 72 (2d Cir.1998).

SO ORDERED.

---

1. The *Ullah* opinion is not on point because that Court expressly treated removal as if made under § 1441(a), not § 1441(b)